EXHIBIT 1

1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| TRACY and BARBARA NEIGHBORS; ARUL MENEZES and LUCRETIA VANDERWENDE; LAKE SAMMAMISH 4257 LLC, HERBERT and ELYNNE MOORE; TED and ELAINE DAVIS; REID and TERESA BROWN; SHAWN and TRINA HUARTE; ANNETTE MCNABB; EUGENE and ELIZABETH MOREL; VOLKER ELSTE and GAIL UREEL,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a home rule charter county, and THE CITY OF SAMMAMISH, an Incorporated Municipality<br><br>　　　　　Defendants. | COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND INVERSE CONDEMNATION |

20

21

22

23

24

25

　　　　COME NOW Plaintiffs Tracy and Barbara Neighbors, Arul Menezes and Lucretia Vanderwende, Lake Sammamish 4257 LLC, Herbert and Elynne Moore, Ted and Elaine Davis, Reid and Teresa Brown, Shawn and Trina Huarte, Annette McNabb, Eugene and Elizabeth Morel, and Volker Elste and Gail Ureel, for their causes of action against King County and the City of Sammamish and allege as follows:

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 1

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425) 455-1110 Fax (425) 455-1626

## NATURE OF ACTION

1. Plaintiffs are landowners who own fee title in land adjoining a 12.45 mile length of abandoned railroad right-of-way in King County, Washington between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, Washington along Lake Sammamish.

2. The railroad, both at the time of the acquisition of the right-of-way in the late 1800s and the abandonment of the right-of-way in 1998, acquired an easement for railroad purposes over and through the adjacent landowners' land.

3. The railroad line in question was originally constructed by the Seattle, Lake Shore & Eastern Railway Company (SLS&E) from May 1887 through March 1888. The SLS&E acquired rights-of-way across public lands under the 1875 Act, easement deeds and prescriptive easements.

4. The 1875 Act granted railroad companies rights-of-way over public land to construct tracks and operate railways. Requirements for obtaining a right-of-way were set forth in the 1875 Act, and included filing a map of the intended railroad with the local district land office and receiving approval from the Secretary of the Interior. See 1875 Act, § 4 (codified at 43 U.S.C. § 937 (repealed by the Federal Land Policy and Management Act of 1976, Pub. L. No. 94-579, § 706(a), 90 Stat. 2743)). Pursuant to the 1875 Act, between 1887 and 1891, the SLS&E took the necessary steps to establish a railroad right-of-way across public land along the eastern shore of Lake Sammamish in King County, Washington.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 2

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425) 455-1110 Fax (425) 455-1626

5.      On July 5, 1887, the SLS&E secured approval from the Department of the Interior of their map identifying the location for proposed construction of a railroad running generally along the eastern shoreline of Lake Sammamish, Washington. Construction of the railroad was completed in 1888.  On April 15, 1891, the SLS&E filed a Map of Location showing the final location of the constructed railroad, with the United States Land Office in Seattle, Washington.

6.      On May 13, 1998, the Surface Transportation Board ("STB") granted Burlington Northern an exemption to abandon a 12.45 mile length of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, Washington. *See id*.

7.      On September 16, 1998, the STB authorized The Land Conservancy of Seattle and King County (TLC) to assume financial responsibility for the rights-of-way pursuant to the National Trails System Act Amendments of 1983, Pub. L. No. 98-11, § 208, 97 Stat. 42, codified at 16 U.S.C. § 1247(d) (2006) (the "Trails Act").  *See* Burlington N. & Santa Fe Ry. Co. - Abandonment Exemption - in King County., WA, STB Docket No. AB-6 (Sub. No. 380X), 1998 STB LEXIS 519, 1998 WL 638432.

8.      The STB also authorized the issuance of a Notice of Interim Trail Use ("NITU") for the Burlington Northern Santa Fe ("BNSF") right-of-way, permitting King County and the TLC to establish a public recreational trail over the railroad right-of-way.  The STB's ruling authorized conversion of the railroad rights-of-way into a recreational trail, pursuant to 16 U.S.C. § 1247(d).  The NITU was issued on September 18, 1998.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND FOR INVERSE CONDEMNATION

PAGE 3

9. King County subsequently reached an agreement with BNSF for use of the right-of-way for trail purposes. On September 29, 1998, counsel for the TLC informed the STB that the parties had reached agreements railbanking the railroad corridor pursuant to the NITU. Since the STB approved conversion of the railway to a trail, no railway carriers have used the railroad, and the tracks have been removed from the right-of-way.

10. King County, by and through The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), and a series of related transactions, contracts, and deeds plan to illegally invade Plaintiffs' property which adjoins the right-of-way, including Plaintiffs' surface, subsurface, and aerial rights adjoining the right-of-way.

11. Plaintiffs seek, among other things, a declaratory judgment, just compensation and/or injunctive relief, and any actual and statutory damages, attorneys' fees, and costs.

## THE PARTIES

12. Plaintiffs Tracy and Barbara Neighbors are residents of King County, Washington who own land adjacent to both sides of the former railroad easement acquired by King County in 1998. Tracy and Barbara Neighbors' parcel number 072406-9006, was acquired on June 22, 2011 and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edges of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 4

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425) 455-1110 Fax (425) 455-1626

13.     Plaintiffs Arul Menezes and Lucretia Vanderwende are residents of King County, Washington who own land adjacent to both sides of the former railroad easement acquired by King County in 1998.  Arul Menezes and Lucretia Vanderwende's parcel numbers 072406-9024, was acquired on July 22, 1997, and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edges of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

14.     Plaintiff Lake Sammamish 4257 LLC is a corporation of King County, Washington that owns land adjacent to one side of the former railroad easement acquired by King County in 1998.  Lake Sammamish 4257 LLC's parcel number 172406-9079, was acquired on March 20, 2015, and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edge of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

15.     Plaintiffs Herbert Carvel Moore and Elynne Moore are residents of King County, Washington who own land adjacent to the former railroad easement acquired by King County in 1998.  Herbert Moore and Elynne Moore's parcel number 172406-9077, was acquired on August 27, 2002 and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edge of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 5

16.     Plaintiffs Ted R. and Elaine M. Davis are residents of King County, Washington who own land adjacent to both sides of the former railroad easement acquired by King County in 1998.  Ted R. and Elaine M. Davis's parcel number 072406-9020 was acquired on September 21, 1999 and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edges of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

17.     Plaintiffs Reid and Teresa Brown are residents of King County, Washington who own land adjacent to both sides of the former railroad easement acquired by the King County in 1998.  Reid and Teresa Brown's parcel number 072406-9003, was acquired on May 4, 1993 and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edges of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

18.     Plaintiffs Shawn and Trina Huarte are residents of King County, Washington who own land adjacent to both sides of the former railroad easement acquired by King County in 1998.  Shawn and Trina Huarte's parcel number 072406-9041, was acquired on July 20, 2014 and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edges of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 6

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

19.     Plaintiff Annette McNabb is a resident of King County, Washington who owns land adjacent to both sides of the former railroad easement acquired by King County in 1998.  Annette McNabb's parcel number 072406-9030, was acquired on January 28, 2006 and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edges of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

20.     Plaintiffs Eugene and Elizabeth Morel are residents of King County, Washington who own land adjacent to both sides of the former railroad easement acquired by the King County in 1998.  Eugene and Elizabeth Morel's parcel numbers 072406-9008 and 072406-9090, were acquired on May 27, 1998 and include the fee title, surface, sub-surface, and aerial rights to all that property to the edges of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

21.     Plaintiffs Volker Elste and Gail Ureel are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the King County in 1998.  Volker Elste and Gail Ureel's parcel number 0724069057 was acquired on April 10, 2013 and includes the fee title, surface, sub-surface, and aerial rights to all that property to the edge of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND FOR INVERSE CONDEMNATION

PAGE 7

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

22.    King County is a home rule charter county and a political subdivision of the State of Washington.

23.    The City of Sammamish was incorporated under Washington law on August 31, 1999.

## JURISDICTION AND VENUE

24.    This Court has jurisdiction pursuant to the Revised Code of Washington § 7.28.010 *et seq* and 7.24.101 *et seq.* because the Defendants have clouded the title to Plaintiffs' property, and further pursuant to Article I, Section 16 of the Washington Constitution because Defendants' are attempting to take Plaintiffs' private property without just compensation.  Defendant King County obtained an easement for trail use over the surface of Plaintiffs' property by and through implementation of the Trails Act. The width of the easement currently claimed by Defendants is of a greater width than that which was acquired by King County under the Trails Act and therefore is of a width that intrudes upon Plaintiffs' property and their surface, sub-surface, and aerial rights.  The underlying action therefore presents a claim arising under the laws of the United States as well as the laws of Washington.

25.    Pursuant to the Revised Code of Washington § 4.12.10, venue is proper because (1) Defendants reside in King County; (2) a substantial part of the events or omissions giving rise to the underlying claims occurred in King County, and (3) all of the property that is the subject of this action is situated in King County.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND FOR INVERSE CONDEMNATION

PAGE 8

## FACTS PERTINENT TO ALL CAUSES FOR RELIEF

26.    In the late 1800s, SLS&E acquired land to construct their railroad right-of-way along Lake Sammamish by way of the 1875 Act, easement deeds, and prescriptive easements.

27.    In a Trails Act takings case in the Court of Federal Claims, the United States Government stipulated that SLS&E acquired a prescriptive easement in the railroad right-of-way that adjoins Plaintiffs' property.  *See Beres v. United States*, 104 Fed. Cl. 408, 415 (Fed. Cl. 2012).

28.    The Seattle, Lake Shore & Eastern Railway Company changed names and ownership on several occasions over many decades.  After many changes in ownership and acquisition of the line from previous railroads, BNSF became the rail operator.  BNSF operated the railroad line over the railroad corridor for a time and ultimately stopped using the right-of-way for the operation of a railroad.

29.    The Trails Act authorizes the STB, the governmental entity responsible for regulating railroads and their common carrier obligations, to "preserve for possible future railroad use rights-of-way not currently in service and to allow interim use of the land as recreational trails."

30.    Congress enacted the Trails Act to address the national problem of railroad abandonments and the loss of the national network of rights-of-way.  The Trails Act authorizes the STB to preserve railroad corridors or rights-of-way not currently in use for train service for possible future rail use by converting those rights-of-way into recreational trails.  In essence, the Trails Act allows a railroad to relinquish

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 9

responsibility for a rail line by transferring the corridor to an entity that will use it as a recreational trail. Although the corridor is not used as a railroad during the period of interim trail use, it remains intact for potential future use for rail service. This process is called "railbanking."

31.     Pursuant to the Trails Act, before a railroad corridor may be converted into a recreational trail, the railroad must either initiate abandonment proceedings with the STB under 49 U.S.C. § 10903 or seek an exemption from the ordinary abandonment procedures under 49 U.S.C. § 10502. Under either procedure, abandonment of the rail line and right-of-way will not be approved by the STB if a qualified trail provider submits to the STB a request to use the right-of-way as a recreational trail.

32.     If the trail provider submits a statement of willingness to assume financial and legal responsibility to the STB and the railroad, the STB will issue a NITU, which preserves the STB's jurisdiction over the rail corridor while the parties negotiate an Interim Trail Use Agreement.  49 C.F.R. § 1152.29(c).

33.     The NITU preserves the STB's jurisdiction over the rail corridor, allows the railroad to discontinue operations and remove track and equipment, and affords the railroad and the trail provider 180 days to negotiate a railbanking and Trails Use Agreement. During this period, the railroad will negotiate an agreement for the transfer of the corridor to the trail operator.

34.     If an agreement is ultimately reached, the NITU automatically authorizes the interim trail use. If the STB takes no further action, the trail sponsor then may assume management of the right-of-way, subject only to the right of the railroad to

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 10

reassert control of the property for restoration of rail service. If an agreement is not reached, the railroad will be allowed to abandon the line, at which time the STB's jurisdiction over the right-of-way terminates and the fee ownership in the rail corridor returns to the adjacent landowners.

35.     In 1998, BNSF filed a Petition for Exemption to abandon the line with the STB. On September 16, 1998 the STB authorized the Land Conservancy of Seattle and King County to assume financial responsibility for the corridor and the conversion of the corridor into a recreational trail.

36.     Pursuant to the Trails Act and its implementing regulations, King County entered into an interim Trail Use Agreement with BNSF on September 29, 1998 to railbank the railroad corridor from milepost 7.3 near Redmond and milepost 19.75 at Issaquah, in King County, Washington, subject to reactivation for the resumption of interstate freight service. The interim Trail Use Agreement designated King County as the interim trail user for railbanking purposes.

37.     King County, through the Quit Claim Deed from BNSF, and pursuant to the Trails Act, acquired an easement over the surface of the right-of-way, which pursuant to the Trails Act, is now an easement for a recreational trail with the possible reactivation of a railroad.

38.     Pursuant to Washington law, the width of the prescriptive easement that adjoins Plaintiffs' land and was owned by BNSF is limited to that which was necessary for BNSF to operate its railroad.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND FOR INVERSE CONDEMNATION

PAGE 11

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

39.     King County is improperly and illegally attempting to claim ownership of a width of easement which is of a greater width than that which was acquired by King County under the Trails Act, and therefore intrudes upon property and surface, sub-surface, and aerial rights that are owned by Plaintiffs.

40.     King County's easement from BNSF, to the extent it purportedly grants any rights over Plaintiffs' land beyond the width that was necessary for BNSF to operate its railroad, is invalid and unenforceable and amounts to a taking of Plaintiffs' property without just compensation.

## COUNT I - DECLARATORY JUDGMENT

41.     For Count I against King County, Plaintiffs allege as follows:

42.     Plaintiffs hereby incorporate by reference paragraphs 1-41 as though fully set forth herein.

43.     Plaintiffs own land adjoining the railroad right-of-way adjacent to their property, including surface, subsurface, and aerial rights.

44.     BNSF, prior to implementation of the Trails Act and the granting of a quit claim deed to King County, possessed a prescriptive easement for railroad purposes over the land within the railroad right-of-way adjacent to Plaintiffs' property.

45.     Pursuant to the Trails Act, BNSF abandoned their prescriptive easement for railroad purposes on the surface of the land within the railroad right-of-way adjacent to Plaintiffs' property, and King County, as trail operator under the Trails Act, acquired a surface easement for a recreational trail with the possible reactivation of a railroad.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 12

46.     Although King County merely acquired a surface easement for a hiking and biking trail of a width limited to that which is necessary to operate a railroad, it is now claiming rights to a width beyond what it acquired under the Trails Act.

47.     Under the Uniform Declaratory Judgments Act, Chapter 7.24 of the Revised Code of Washington, the Court has jurisdiction to declare the rights of the parties with respect to the railroad right-of-way at issue.  Specifically, under Section 7.24.020 of the Revised Code of Washington, any person claiming an interest under a deed, written contract, or statute is entitled to a determination of rights arising under the deed, written contract, or statute.

48.     Plaintiffs are entitled to a declaration of rights that the easement acquired by SLS&E was a prescriptive easement, that the prescriptive easement is of a width limited to that which is necessary to operate a railroad, and that King County has no right to utilize any width of the corridor beyond the width necessary for railroad purposes.

## COUNT II – INJUNCTION

49.     For Count II against King County and the City of Sammamish, Plaintiffs allege as follows:

50.     Plaintiffs hereby incorporate by reference paragraphs 1-49 as though fully set forth herein.

51.     Plaintiffs own land adjoining the railroad right-of-way adjacent to their property, including surface, subsurface, and aerial rights.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 13

52.    King County alleges to have legal rights to Plaintiffs' land, and King County and the City of Sammamish intend to usurp Plaintiffs' rights in their land, including immediate invasion of Plaintiffs' rights, including the intention to widen a current recreational trail, which King County and the City of Sammamish have no legal right to do.

53.    King County has applied for a permit from the City of Sammamish in order to allow widening of the recreational trail but the City of Sammamish has no legal right to issue any permit to widen the recreational trail because it will encroach or invade upon Plaintiffs' property.

54.    King County publically alleges to have rights and publically alleges their intention of widening the recreational trail.

55.    As is evidenced by public notices issued by the City of Lake Sammamish, the widening of the recreational trail could occur as soon as June 18, 2015.

56.    If King County is allowed to execute its plans to widen the trail, Plaintiffs will suffer irreparable because they own property within the boundaries of King County's planned expansion of the recreational trail.

57.    If the recreational trail is widened, the harm Plaintiffs will suffer includes, but is not limited to, flooding, the loss of trees, loss of landscaping, loss of parking, ease of access, loss of access by emergency vehicles, and damages as a result of extreme proximity of the recreational trail.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND FOR INVERSE CONDEMNATION

PAGE 14

58.     In this instance, the balance of equities tips in favor of Plaintiffs, who will suffer substantial and irreparable harm to their property, whereas Defendants will have to be satisfied with the current width of the right-of-way, which has been unchanged since it was sold to King County in 1998.

59.     Because this action concerns a taking and damaging of Plaintiffs' property without the payment of just compensation, the public's interest is served by this injunction since it enforces Article I, § 16 of the Constitution of the State of Washington, which prevents the taking and damaging of private property without the payment of just compensation.

60.     Due to the substantial injury and damage that will be done on Plaintiffs as a result of the permitting process if the recreational trail is widened, this Court should enjoin the City of Sammamish from issuing any permits for widening of the current recreational trail, as well as enjoin King County from continuing any work on the portion of the current recreational trail that adjoins Plaintiffs' property until this Court resolves the issue of the correct width of the former railroad right-of-way that was acquired by King County for recreational trail use.

### <u>COUNT III – INVERSE CONDEMNATION</u>

61.     For Count III against King County and the City of Sammamish, Plaintiffs allege as follows:

62.     Plaintiffs hereby incorporate by reference paragraphs 1-61 as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 15

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

63.     King County is a home rule charter county and a political subdivision of the State of Washington.

64.     The City of Sammamish is a home rule charter county and a political subdivision of the State of Washington.

65.     King County and the City of Sammamish plan to improperly and illegally take and possess a width of right-of-way that intrudes upon property owned by Plaintiffs which is of a greater width than that which was acquired by King County under the Trails Act.

66.     The Defendants' imposition of such width will interfere with Plaintiffs' reasonable use and development of their property.

67.     The Defendants are government entities that have not instituted formal condemnation proceedings.

68.     The Defendants are government entities that have not paid Plaintiffs full compensation for Plaintiffs' property, nor ascertained and paid into court compensation for Plaintiffs' property.

69.     The actions of Defendants will cause a cause a taking and/or damaging of Plaintiffs' property interests without just compensation having first been paid, as required by Article I, § 16 of the Washington State Constitution.

WHEREFORE, Plaintiffs respectfully request that judgment be entered for Plaintiffs and against King County for a declaratory judgment declaring that King County obtained a recreational trail easement by and through the Trails Act limited to a width that is necessary to operate a railroad, and further that King County and the City

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 16

1   of Sammamish be enjoined from executing their plans to widen the recreational trail, or

2   pay Plaintiffs just compensation, and for such further monetary and equitable relief and

3   for allowable costs and attorney fees as the Court may deem just and proper.

4   Date: June 16, 2015.                              RODGERS DEUTSCH & TURNER, P.L.L.C.

5                                                     By:/s/ Daryl A. Deutsch
6                                                     Daryl A. Deutsch, WSBA No. 11003
                                                      3 Lake Bellevue Dr. Suite 100
7                                                     Bellevue, WA  98005
                                                      Telephone     (425) 455-1110
8                                                     Facsimile     (425) 455-1626
9                                                     daryl@rdtlaw.com

10                              and

11                                                    By: /s/ Thomas S. Stewart

12                                                    By: /s/ Elizabeth McCulley

13                                                    By: /s/ Michael J. Smith

14                                                    Thomas S. Stewart
15                                                    Elizabeth McCulley
                                                      Michael J. Smith
16                                                    Stewart, Wald & McCulley, LLC
                                                      9200 Ward Parkway, Suite 550
17                                                    Kansas City, MO 64114
                                                      Telephone:    (816) 303-1500
18                                                    Facsimile:    (816) 527-8068
19                                                    stewart@swm.legal
                                                      mcculley@swm.legal
20                                                    smith@swm.legal

21                                                    **ATTORNEYS FOR PLAINTIFFS**

22

23

24

25

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION

PAGE 17

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626