# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS E. HORNISH AND SUZANNE J. HORNISH JOINT LIVING TRUST, TRACY AND BARBARA NEIGHBORS, ARUL MENEZES AND LUCRETIA VANDERWENDE, LAKE SAMMAMISH 4257 LLC, HEBERT MOORE AND ELYNNE MOORE, AND EUGENE MOREL AND ELIZABETH MOREL,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a home rule charter county,<br><br>Defendants. | Case No.: 2:15-cv-00284-MJP<br><br>AMENDED COMPLAINT FOR DECLARATORY RELIEF |

COME NOW Plaintiffs Thomas E. Hornish and Suzanne J. Hornish Joint Living Trust, Tracy and Barbara Neighbors, Arul Menezes and Lucretia Vanderwende, Lake Sammamish 4257 LLC (owners Arul Menezes and Lucretia Vanderwende), Herbert and Elynne Moore, and Eugene and Elizabeth Morel, pursuant to this Court's Order dated August 7, 2015 (D.E. 30), and for their cause of action against King County, pursuant to the Revised Code of Washington § 7.24.010, *et. seq.*, allege as follows:

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 1
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## NATURE OF ACTION

1. Plaintiffs are landowners who own fee title in land adjoining a 12.45 mile length of abandoned railroad right-of-way in King County, Washington between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, Washington along Lake Sammamish.

2. The railroad, both at the time of the acquisition of the right-of-way in the late 1800s and the abandonment of the right-of-way in 1998, acquired a surface easement for railroad purposes over and through the adjacent landowners' land.

3. The railroad line in question was originally constructed by the Seattle, Lake Shore & Eastern Railway Company (SLS&E) from May 1887 through March 1888. The SLS&E acquired rights-of-way across public lands under the 1875 Act (codified at 43 U.S.C. § 937), easement deeds, and prescriptive easements. The original easement deed to the railroad applicable to Plaintiff Hornish's property is included in their chain of title and the railroad acquired a prescriptive easement only over the remaining Plaintiffs' properties.

4. On July 5, 1887, the SLS&E secured approval from the Department of the Interior of their map identifying the location for proposed construction of a railroad running generally along the eastern shoreline of Lake Sammamish, Washington. Construction of the railroad was completed in 1888. On April 15, 1891, the SLS&E filed a Map of Location showing the final location of the constructed railroad, with the United States Land Office in Seattle, Washington.

5. On May 13, 1998, the Surface Transportation Board ("STB") granted Burlington Northern Santa Fe ("BNSF") an exemption to abandon a 12.45 mile length of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, Washington.

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 2
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

6. On September 16, 1998, the STB authorized The Land Conservancy of Seattle and King County (TLC) to assume financial responsibility for the rights-of-way pursuant to the National Trails System Act Amendments of 1983, Pub. L. No. 98-11, § 208, 97 Stat. 42, codified at 16 U.S.C. § 1247(d) (2006) ("Trails Act"). *See* Burlington N. & Santa Fe Ry. Co. - Abandonment Exemption - in King Cnty., WA, STB Docket No. AB-6 (Sub. No. 380X), 1998 STB LEXIS 519, 1998 WL 638432.

7. The STB also authorized the issuance of a Notice of Interim Trail Use ("NITU") for the BNSF right-of-way, permitting King County and the TLC to establish a public recreational trail over the railroad right-of-way. The STB's ruling authorized conversion of the railroad rights-of-way into a recreational trail, pursuant to the Trails Act. The NITU was issued on September 18, 1998.

8. King County subsequently reached an agreement with BNSF for use of the right-of-way for trail purposes. On September 29, 1998, counsel for the TLC informed the STB that the parties had reached an agreement railbanking the railroad corridor pursuant to the NITU. Since the STB approved conversion of the railway to a trail no railway carriers have used the railroad and the tracks have been removed from the right-of-way.

9. King County, by and through the Trails Act, acquired a surface easement for a recreational trail with the potential reactivation of a railroad over Plaintiffs' land.

10. The Plaintiffs own the underlying fee in the former railroad right-of-way.

11. Plaintiffs obtained chains of title for each Plaintiff and the chains establish their fee ownership in their adjacent property as well as their fee ownership underlying the railroad corridor. The chains of title demonstrate that Plaintiffs' ancestors in title owned the land within

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 3
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

the railroad right-of-way and, as successors in interest, these Plaintiffs likewise obtained such fee ownership interest underlying the railroad right-of-way.

12. Plaintiffs seek a declaratory judgment ordering that the railroad only held an easement for railroad purposes and King County only acquired an easement for recreational trail purposes by and through the Trails Act with preservation of the right-of-way only for future railroad purposes and uses through railbanking.

## **THE PARTIES**

13. Plaintiff The Thomas E. Hornish and Suzanne J. Hornish Joint Living Trust, Thomas and Suzanne Hornish, trustees, are residents of King County, Washington who own land adjacent to the former railroad easement acquired by King County in 1998. The Thomas E. Hornish and Suzanne J. Hornish Joint Living Trust's parcel, number 062406-9042, was acquired on November 7, 2013, and includes the fee title to all that property of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. The Hornishes own fee title to the railroad right-of-way under Washington law because the chain of title proves that (1) no grantor in the chain of title expressly reserved the former railroad right-of-way unto themselves despite describing the land conveyed in metes and bounds; (2) no grantor in the entire chain of title has ever claimed ownership in the former railroad right-of-way because each grantor conveyed their interest in the former railroad right-of-way; and (3) based on the opinion of plaintiffs' title expert, each and every grantor in the chain of title intended to convey all the interest they owned to each grantee. The chain of title documentation has been reviewed by Plaintiffs' title expert, John Rall, and he has concluded that the Hornishes own the fee title in the right-of-way under Washington law.

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 4
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

John Rall's Declaration/Report is attached as Exhibit A and a copy of the current deed and chain of title evidencing ownership of the above-described property is attached as Exhibit B.

14.     Plaintiffs Tracy and Barbara Neighbors are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the King County in 1998. Tracy and Barbara Neighbors' parcel, number 072406-9006, was acquired on June 22, 2011, and includes the fee title to all that property of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. The Neighbors own fee title to the railroad right-of-way under Washington law because the chain of title proves that (1) no grantor in the chain of title expressly reserved the former railroad right-of-way unto themselves despite describing the land conveyed in metes and bounds; (2) no grantor in the entire chain of title has ever claimed ownership in the former railroad right-of-way because each grantor conveyed their interest in the former railroad right-of-way; and (3) based on the opinion of Plaintiffs' title expert, each and every grantor in the chain of title intended to convey all the interest they owned to each grantee. The chain of title documentation has been reviewed by Plaintiffs' title expert, John Rall, and he has concluded that the Neighbors own the fee title in the right-of-way under Washington law. John Rall's Report/Declaration is attached as Exhibit A and a copy of the current deed and chain of title evidencing ownership of the above-described property is attached as Exhibit C.

15.     Plaintiffs Arul Menezes and Lucretia Vanderwende are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the King County in 1998. Arul Menezes and Lucretia Vanderwende's parcel, number 072406-9024, was acquired on July 22, 1997 and includes the fee title to all that property of the abandoned right-of-way that

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 5
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. Menezes and Vanderwende own fee title to the railroad right-of-way under Washington law because the chain of title proves that (1) no grantor in the chain of title expressly reserved the former railroad right-of-way unto themselves despite describing the land conveyed in metes and bounds; (2) no grantor in the entire chain of title has ever claimed ownership in the former railroad right-of-way because each grantor conveyed their interest in the former railroad right-of-way; and (3) based on the opinion of Plaintiffs' title expert, each and every grantor in the chain of title intended to convey all the interest they owned to each grantee. The chain of title documentation has been reviewed by Plaintiffs' title expert, John Rall, and he has concluded that Menezes and Vanderwende own the fee title in the right-of-way under Washington law. John Rall's Declaration/Report is attached as Exhibit A and a copy of the current deed and chain of title evidencing ownership of the above-described property is attached as Exhibit D.

16. Plaintiff Lake Sammamish 4257 LLC (owners Arul Menezes and Lucretia Vanderwende) is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the King County in 1998. Lake Sammamish 4257 LLC's parcel, number 172406-9079, was acquired on March 20, 2015 and includes the fee title to all that property of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. Lake Sammamish 4257 LLC owns fee title to the railroad right-of-way under Washington law because the chain of title proves that (1) no grantor in the chain of title expressly reserved the former railroad right-of-way unto themselves despite describing the land conveyed in metes and bounds; (2) no grantor in the entire

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 6
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

chain of title has ever claimed ownership in the former railroad right-of-way because each grantor conveyed their interest in the former railroad right-of-way; and (3) based on the opinion of Plaintiffs' title expert, each and every grantor in the chain of title intended to convey all the interest they owned to each grantee. The chain of title documentation has been reviewed by Plaintiffs' title expert, John Rall, and he has concluded that Lake Sammamish 4257 LLC owns the fee title in the right-of-way under Washington law. John Rall's Declaration/Report is attached as Exhibit A and a copy of the current deed and chain of title evidencing ownership of the above-described property is attached as Exhibit E.

17.  Plaintiffs Hebert Moore and Elynne Moore are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the King County in 1998. Hebert Moore and Elynne Moore's parcel, number 172406-9077, was acquired on September 12, 2002 and includes the fee title to all that property of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. The Moores own fee title to the railroad right-of-way under Washington law because the chain of title proves that (1) no grantor in the chain of title expressly reserved the former railroad right-of-way unto themselves despite describing the land conveyed in metes and bounds; (2) no grantor in the entire chain of title has ever claimed ownership in the former railroad right-of-way because each grantor conveyed their interest in the former railroad right-of-way; and (3) based on the opinion of Plaintiffs' title expert, each and every grantor in the chain of title intended to convey all the interest they owned to each grantee. The chain of title documentation has been reviewed by Plaintiffs' title expert, John Rall, and he has concluded that the Moores own the fee title in the right-of-way under Washington law. John Rall's

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 7
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Declaration/Report is attached as Exhibit A and a copy of the current deed and chain of title evidencing ownership of the above-described property is attached as Exhibit F.

18.     Plaintiffs Eugene and Elizabeth Morel are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the King County in 1998. Eugene and Elizabeth Morel's parcel, numbers 072406-9008 and 072406-9090, were acquired on May 27, 1998 and include the fee title to all that property of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  The Morels own fee title to the railroad right-of-way under Washington law because the chain of title proves that (1) no grantor in the chain of title expressly reserved the former railroad right-of-way unto themselves despite describing the land conveyed in metes and bounds; (2) no grantor in the entire chain of title has ever claimed ownership in the former railroad right-of-way because each grantor conveyed their interest in the former railroad right-of-way; and (3) based on the opinion of Plaintiffs' title expert, each and every grantor in the chain of title intended to convey all the interest they owned to each grantee.  The chain of title documentation has been reviewed by Plaintiffs' title expert, John Rall, and he has concluded that the Morels own the fee title in the right-of-way under Washington law.  John Rall's Declaration/Report is attached as Exhibit A and a copy of the current deed and chain of title evidencing ownership of the above-described property is attached as Exhibit G.

19.     King County is a home rule charter county and a political subdivision of the State of Washington.

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 8
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## JURISDICTION AND VENUE

20. This Court has jurisdiction pursuant to the Revised Code of Washington § 7.24.010 *et seq*. because the Defendants have clouded the title to Plaintiffs' property. The Defendants only obtained an easement for trail use over the surface of Plaintiffs' property by and through implementation of the Trails Act. This action presents a claim arising under the laws of the United States as well as the laws of Washington.

21. Pursuant to the Revised Code of Washington § 4.12.10, venue is proper because (1) Defendants reside in King County; (2) a substantial part of the events or omissions giving rise to the claims occurred in King County; and (3) all of the property that is the subject of this action is situated in King County.

## FACTS PERTINENT TO ALL CAUSES FOR RELIEF

22. In the late 1800s, SLS&E acquired land to construct their railroad right-of-way along Lake Sammamish by way of the 1875 Act, easement deeds and prescriptive easements.

23. The original conveyances to the railroad have already been analyzed and determined to convey mere easements for railroad purposes by Judge Marian Blank Horn of the United States Court of Federal Claims in *Beres v. United States*, 104 Fed. Cl. 408 (Fed. Cl. 2012). Judge Horn's Opinion and Order, rendered on April 5, 2012, concluded that the conveyances at issue in this case were conveyances of easements to the railroad for their railroad purposes only and that the easement currently on Plaintiffs' land is a surface easement for recreational trail use with the potential reactivation of a railroad.

24. The Seattle, Lake Shore & Eastern Railway Company changed names and ownership on several occasions over many decades. After many changes in ownership and

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 9
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

acquisition of the line from previous railroads, BNSF became the rail operator. BNSF operated the railroad line over the railroad corridor for a time and ultimately stopped using the right-of-way for the operation of a railroad.

25.     The Trails Act authorizes the STB, the governmental entity responsible for regulating railroads and their common carrier obligations, to "preserve for possible future railroad use rights-of-way not currently in service and to allow interim use of the land as recreational trails."

26.     Congress enacted the Trails Act to address the national problem of railroad abandonments and the loss of the national network of rights-of-way. The Trails Act authorizes the STB to preserve railroad corridors or rights-of-way not currently in use for train service for possible future rail use by converting those rights-of-way into recreational trails. In essence, the Trails Act allows a railroad to relinquish responsibility for a rail line by transferring the corridor to an entity that will use it as a recreational trail. Although the corridor is not used as a railroad during the period of interim trail use, it remains intact for potential future use for rail service. This process is called "railbanking."

27.     Pursuant to the Trails Act, before a railroad corridor may be converted into a recreational trail, the railroad must either initiate abandonment proceedings with the STB under 49 U.S.C. § 10903 or seek an exemption from the ordinary abandonment procedures under 49 U.S.C. § 10502. Under either procedure, abandonment of the rail line and right-of-way will not be approved by the STB if a qualified trail provider submits to the STB a request to use the right-of-way as a recreational trail.

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 10
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

28.     If the trail provider submits a statement of willingness to assume financial and legal responsibility to the STB and the railroad, the STB will issue a NITU, which preserves the STB's jurisdiction over the rail corridor while the parties negotiate an Interim Trail Use Agreement.  49 C.F.R. § 1152.29(c).

29.     The NITU preserves the STB's jurisdiction over the rail corridor, allows the railroad to discontinue operations and remove track and equipment, and affords the railroad and the trail provider 180 days to negotiate a railbanking and Trails Use Agreement.  During this period, the railroad will negotiate an agreement for the transfer of the corridor to the trail operator.

30.     If an agreement is ultimately reached, the NITU automatically authorizes the interim trail use.  If the STB takes no further action, the trail sponsor then may assume management of the right-of-way, subject only to the right of the railroad to reassert control of the property for restoration of rail service.  If an agreement is not reached, the railroad will be allowed to abandon the line, at which time the STB's jurisdiction over the right-of-way terminates and the fee ownership in the rail corridor returns to the adjacent landowners.

31.     In 1998, BNSF filed a Petition for Exemption to abandon the line with the STB. On September 16, 1998, the STB authorized the Land Conservancy of Seattle and King County to assume financial responsibility for the corridor and the conversion of the corridor into a recreational trail.  The NITU from the STB was filed pursuant to the Trails Act and is attached as Exhibit H.

32.     Pursuant to the Trails Act and its implementing regulations, King County entered into an interim Trail Use Agreement with BNSF on September 29, 1998 to railbank the railroad

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 11
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

corridor from milepost 7.3 near Redmond and milepost 19.75 at Issaquah, in King County. Washington, subject to reactivation for the resumption of interstate freight service.  The interim Trail Use Agreement designated King County as the interim trail user for railbanking purposes. The Trail Use Agreement is attached as Exhibit I.

33. King County, through the Quit Claim Deed from BNSF, acquired an easement over the surface of the right-of-way which, pursuant to the Trails Act, is now an easement for a hiking and biking trail with the possible reactivation of a railroad.

## COUNT I - DECLARATORY JUDGMENT

For Count I against King County, Plaintiffs allege as follows:

34. Plaintiffs hereby incorporate by reference paragraphs 1-33 as though fully set forth herein.

35. Plaintiffs own the underlying fee in the railroad right-of-way adjacent to their property, including subsurface and aerial rights.

36. BNSF, prior to implementation of the Trails Act and the granting of a Quit Claim Deed to King County, possessed an easement for railroad purposes on the surface of Plaintiffs' fee ownership in the railroad's right-of-way.

37. By and through the Trails Act, the railroad purposes easement has been preserved for future use and King County only acquired an easement for a hiking and biking trail with the potential reactivation of a railroad on the surface of Plaintiffs' fee ownership.

38. Under the Uniform Declaratory Judgments Act, Chapter 7.24 of the Revised Code of Washington, the Court has jurisdiction to declare the rights of the parties with respect to the railroad right-of-way at issue.  Specifically, under Section 7.24.020 of the Revised Code of

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 12
Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Washington, any person claiming an interest under a deed, written contract, or statute is entitled to a determination of rights arising under the deed, written contract, or statute.

39.     Plaintiffs are entitled to a declaration of rights that the original source conveyance to the railroad was an easement and other interests acquired by the railroad were prescriptive easements, that the easements were for railroad purposes only, and that Plaintiffs are the fee owners of the railroad right-of-way at issue, and King County only acquired a surface easement for a hiking and biking trail with the possible reactivation of a railroad pursuant to the Trails Act.

WHEREFORE, Plaintiffs respectfully request that judgment be entered for Plaintiff and against King County for a declaratory judgment declaring that the railroad only acquired an easement for railroad purposes over and through Plaintiffs' land and King County, by the Quit Claim Deed from BNSF, only acquired a surface easement for a hiking and biking trail with the possible reactivation of a railroad by and through the Trails Act, and for such further monetary and equitable relief and for allowable costs and attorneys' fees as the Court may deem just and proper.

Dated:  August 14, 2015

**STEWART, WALD & MCCULLEY, L.L.C.**

By /s/ *Thomas S. Stewart*
Thomas S. Stewart
Elizabeth McCulley
Michael J. Smith
9200 Ward Parkway, Suite 550
Kansas City, MO  64114
Telephone:  (816) 303-1500
Facsimile:  (816) 527-8068
stewart@swm.legal
mcculley@swm.legal
smith@swm.legal

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 13
Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

AND

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA 98005
Telephone: (425) 455-1110
Facsimile: (425) 455-1626
daryl@rdtlaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Andrew W Marcuse
David J. Hackett
King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
*Attorneys for Defendant King County*

/s/ Thomas S. Stewart

AMENDED COMPLAINT FOR DECLARATORY RELIEF
PAGE 14
Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626