1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

6
7

| | |
|---|---|
| TRACY NEIGHBORS AND BARBARA NEIGHBORS; ARUL LMENEZES AND LUCRETIA VANDERWENDE; LAKE SAMMAMISH 4257 LLC; HERBERT MOORE AND ELYNNE MOORE; TED DAVIS AND ELAINE DAVIS; REID BROWN AND TERESA BROWN; SHAWN HUARTE AND TRINA HUARTE; ANNETTE MCNABB; EUGENE MOREL AND ELIZABETH MOREL; VOLKER ELSTE AND GAIL UREEL; JOHN R. WARD AND JOANNA WARD, AS CO-TRUSTEES OF THE WARD HALES LIVING TRUST; YORK HUTTON; L. LARS KNUDSEN AND LISE SHDO,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a municipal corporation and political subdivision of the State of Washington,<br><br>Defendants. | Case No.: 2:15-cv-01358<br><br>PLAINTIFFS' MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR: OCTOBER 16, 2015<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFFS' MOTION TO REMAND
PAGE i
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT ........................................................................................................... 2

    A. King County Attempts to Create a Federal Question Where None Exists ........... 2

    B. Merely Because Several of the Plaintiffs in this Case are the Same as Those in the *Hornish et al. v. King County* Action Does Not Form a Basis For Jurisdiction ............................................................................................................... 4

    C. This Court Does Not Have Jurisdiction Under the Complete Preemption Doctrine ............................................................................................................... 5

        1. *B & S Holdings, LLC v. BNSF Ry. Co.* conflates ordinary preemption with complete preemption ................................................................... 7
        2. Because this action can at best be analyzed as "as applied" preemption, such should not form a basis for complete preemption within the Ninth Circuit ................................................................................................ 8
        3. Even under the "as-applied" analysis, this action does not present a situation where there should be complete preemption ........................ 10
        4. This Court should remand the action to state court since the claim concerning the railroad's prescriptive easement is certainly not preempted ............................................................................................ 12

    D. Whether an Adverse Possession Claim is Completely Preempted is Irrelevant as a Practical Matter Because Plaintiffs Will Remove All References to Adverse Possession From the Next Amended Complaint ............................................. 13

III. CONCLUSION ..................................................................................................... 13

PLAINTIFFS' MOTION TO REMAND
PAGE ii
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

TABLE OF AUTHORITIES

*Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006) ............................................. 8

*Allegheny Valley R.R. – Pet. for Decl. Order – William Fiore*, FD 35388
 (STB served Apr. 25, 2011) ...................................................................................... 12

*Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202 (1985) ................................................................ 9

*Ansley v. Ameriquest Mort. Co.*, 340 F.3d 858 (9th Cir. 2003) ................................................. 5

*Arco Environmental Remediation, L.L.C. v. Department of Health Quality of Montana*, 213
 F.3d 1108 (9th Cir. 2000) ............................................................................................ 6

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000) ....................... 2

*Bd. of Selectmen of Town of Grafton v. Grafton & Upton R. Co.*, No. 12-CV-40164-TSH, 2013
 WL 2285913, at *10 (D. Mass. May 22, 2013) .......................................................... 7

*Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534 (1986) ............................................ 6, 13

*Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988) .......................................................................... 10

*B & S Holdings, LLC v. BNSF Ry. Co.,* 889 F. Supp.2d 1252 (E.D. Wash. 2012) .................... 7

*Caterpillar Inc. v. Williams,* 482 U.S. 386 (1987) ........................................................... 2, 4, 6-7

*Chaplin v. Sanders*, 676 P.2d 431 (Wash. 1984) ....................................................................... 3

*Elam v. K. C. S. Ry. Co.*, 635 F.3d 796 (5th Cir. 2011) .......................................................... 10

*Fayous Enterprises v. BNSF Ry. Co.*, 602 F.3d 444 (D.C. Cir. 2010) .................................... 10

*Franks Inv. Co. LLC v. Union Pacific R. Co.,* 593 F.3d 404 (2010) ....................................... 10

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ..................................................... 2, 4, 10, 12

*Hornish et al. v. King County*, 2:15-cv-00284-MJP ............................................................ 4, 5

*Jie Ao & Xin Zhou – Pet. for Decl. Order*, FD 35539 (STB served June 4, 2012) ..... 7-9, 11-12

*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994) ........................................... 9

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) ......................................... 2

PLAINTIFFS' MOTION TO REMAND
PAGE iii
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

*Marbury v. Madison,* 5 U.S. 137 (1803) .................................................................................. 13

*Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009) ....... 6

*Maumee & Western R.R. and RMW Ventures, LLC – Pet. for Decl. Order*, FD 34354
  (STB served Mar. 3, 2004) at p. 2 ............................................................................... 11, 13

*Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987) ................................................................... 6

*Mid-America Locomotive and Car Repair, Inc. – Pet. for Decl. Order*, FD 34599
  (STB served June 6, 2005) ........................................................................................... 12-13

*Neighbors et al., v. King County and the City of Sammamish*, No. C15-970 MJP, 2015 WL
  3949245 (W.D. Wash. June 26, 2015) (*"Neighbors I"*) ...................................................... 5

*Pace v. CSX Transp., Inc.*, 613 F.3d 1066 (11th Cir. 2010) ...................................................... 8

*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938
  (9th Cir. 2014) .................................................................................................................. 6, 10

*Shupp v. Reading Blue Mountain*, 850 F. Supp.2d 490 (M.D. Pa. 2012) ........................... 9, 10

*Sunnyside Valley Irr. Dist. v. Dickie*, 73 P.3d 369 (Wash. 2003) ....................................... 3, 12

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) ............................ 10

*Toumajian v. Frailey*, 1335 F.3d 648 (9th Cir 1998) ............................................................... 5

*Trejo v. Union Pac. R.R. Co.*, No. 3:10-cv-00285 JLH, 2011
  WL 309614 (E.D. Ark. Jan. 28, 2011) ........................................................................10-11

*Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005) ........................................................... 2

PLAINTIFFS' MOTION TO REMAND
PAGE iv
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

## I. INTRODUCTION

Plaintiffs filed their action in King County Superior Court on August 20, 2015 seeking to resolve the issue of ownership boundaries of land adjoining an abandoned railroad line that runs along the eastern shore of Lake Sammamish, in King County, Washington. Defendant King County removed Plaintiffs' action to this Court, alleging, incorrectly, that Plaintiffs seek to challenge King County's right to establish and maintain a nature and hiking trail along the abandoned railroad line under the National Trails System Act, 16 U.S.C. § 1247(d) ("Trails Act"). King County makes the argument as a basis for removal despite the fact that nowhere in Plaintiffs' well-pleaded Complaint is the Trails Act or any other federal right ever mentioned, nor is King County's rights under the Trails Act ever challenged. King County has attempted to create a federal question where no federal question exists at all.

In addition, King County argues that Plaintiffs' Complaint is subject to the doctrine of complete federal preemption by virtue of 49 U.S.C.A § 10501 ("the Interstate Commerce Commission Termination Act," or "ICCTA"). However, King County conflates the meaning between ordinary preemption and complete preemption and, in any event, the underlying dispute would not create a sufficient basis for preemption under the complete preemption analysis because this dispute cannot be said to create any unreasonable interference with any future railroad operations. Here, the width and location of the railroad's prescriptive easement was established by the railroad's actual usage while the right-of-way was active under Washington law and that width and location, whatever it is, is what King County acquired and what the railroad can use in the future if the right-of-way is ever reactivated.

Put simply, King County has completely failed to overcome the strong presumption

PLAINTIFFS' MOTION TO REMAND
PAGE 1
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

against removal jurisdiction and totally fails to meet its burden to establish that removal is proper. Plaintiffs therefore respectfully request that this Court issue an order remanding this action to state court.

## II. ARGUMENT

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented <u>on the face</u> of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (emphasis added) (citation omitted). The "[well-pleaded complaint rule] makes a plaintiff the 'master of his complaint': He may generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). Furthermore, the "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curium) (internal quotation marks omitted) (citation omitted). Accordingly, "[f]ederal jurisdiction is to be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

### A. King County Attempts To Create A Federal Question Where None Exists

In its Notice of Removal, King County states that Plaintiffs' Complaint seeks a ruling that "King County received no rights in the properties they claim were acquired by the railroad by adverse possession." *See* Def.'s Notice of Removal, ECF No. 1, at p. 6. This is an incomplete and inaccurate representation of the pleadings, made for the purpose of seeking to

PLAINTIFFS' MOTION TO REMAND
PAGE 2
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

draw this Court's attention towards the Trails Act, with the hope of influencing the Court to accept the false premise that this action raises a question of federal law.

As is obvious in Plaintiffs' Complaint, Plaintiffs do not attempt to challenge King County's right to establish a nature and hiking trail in the former railroad corridor under the Trails Act. Rather, Plaintiffs' Complaint requests resolution of a straightforward issue: what location and width of prescriptive easement right-of-way did the Burlington Northern Santa Fe Railroad ("BNSF") and/or its predecessors-in-interest possess and thereby transfer to King County. The resolution of this issue raises two corollary issues: 1) the determination of the location and width of BNSF's original prescriptive easement; and 2) the determination of any of the changes in the original location and width over the years. Both of these issues are only resolved through the application of Washington law. *See Sunnyside Valley Irr. Dist. v. Dickie*, 73 P.3d 369, 372 (Wash. 2003) (the width of a prescriptive easement is restricted to that which is reasonably necessary and convenient to effectuate the original purpose of the easement); *Chaplin v. Sanders*, 676 P.2d 431, 434 (Wash. 1984) (describing the elements of adverse possession claim under Washington law). Accordingly, Plaintiffs' action does not raise any issues — let alone substantial issues — of federal law.

Plaintiffs do not dispute that King County has rights in the corridor, rather, Plaintiffs' seek resolution of the width and location of that right. King County alleges that Plaintiffs aver King County has *no interests* in the corridor. That is inaccurate. In truth, Plaintiffs allege that King County never acquired "*recorded* interests in the properties abutting Plaintiffs' properties" and therefore King County "could not succeed to any *recorded* interests in the abutting properties." *See* Pls.' Compl. at ¶26. These allegations were made in support of the

PLAINTIFFS' MOTION TO REMAND  
PAGE 3  
Case No.: 2:15-cv-01358

Thomas E. Hornish  
1237 E Lake Sammamish Shore Ln SE  
Sammamish, WA 98075-9612  
Phone: 858-775-5678

primary allegation that BNSF only had — and King County therefore could only have obtained — BNSF's *non-recorded* prescriptive rights in the corridor.

Thus, King County bases its entire Trails Act removal argument on a complete mischaracterization of Plaintiffs' Complaint. Contrary to King County's statements, this dispute has nothing to do with the Trails Act, which is why Plaintiffs' well-pleaded Complaint makes no mention of it. To put it plainly for the Court: Plaintiffs *do not dispute and affirmatively acknowledge* that King County received a surface easement for a hiking and biking trail from BNSF adjacent to Plaintiffs' property but the width and location of that easement is at issue because the width and location is determined by the railroad's footprint of actual usage under Washington law. The legitimacy of the Trails Act is not challenged by the Plaintiffs in any way.

King County's removal notice completely misapprehends Plaintiffs' cause of action, which plainly does not invoke or even mention the Trails Act in any way. Therefore, removal is not proper pursuant to the "well-pleaded complaint rule." *See Caterpillar,* 482 U.S. at 392 ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint") (citation omitted). Indeed, at the very least, Plaintiffs' Complaint raises substantial doubt that removal would be proper, and for this reason federal jurisdiction should also be rejected. *See Gaus*, 980 F.2d at 566 ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

**B. Merely Because Several of the Plaintiffs in this Case are the Same as Those in the *Hornish et al. v. King County* Action Does Not Form a Basis For Jurisdiction**

King County draws the Court's attention to the case of *Hornish et al. v. King County*, 2:15-cv-00284-MJP, pending before this Court, and apparently makes the argument that

PLAINTIFFS' MOTION TO REMAND
PAGE 4
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

merely because *Hornish* properly lies in the Western District of Washington, concerns the same railroad corridor as this case, and a few of the same parties overlap, that those facts confer an additional basis for this Court to assert jurisdiction over this action. But these facts do not justify removal of this action because "the threshold requirement for removal under 28 U.S.C. § 1441(b) is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mort. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (citing *Toumajian v. Frailey*, 1335 F.3d 648, 653 (9th Cir 1998).

This is not an instance where a federal district court is presented with a complaint containing federal and state claims and chooses to exercise jurisdiction over the state claims. Here, there is no federal question whatsoever, and so there is no discretionary basis for jurisdiction in the first instance. The exact same dilemma was pointed out by this Court in the recently-decided *Neighbors et al., v. King County and the City of Sammamish*, No. C15-970 MJP, 2015 WL 3949245 (W.D. Wash. June 26, 2015) (*"Neighbors I"*). In that case — which has conveniently been left unmentioned by King County — this Court determined that the width of easement issue, which is the same issue here, is determined solely by Washington law. *Id*. at *2. That decision was made under precisely the same circumstances as this action: where the only link to federal jurisdiction was a similar federal case involving a few of the same plaintiffs. Such was not sufficient to form a basis for federal jurisdiction in *Neighbors I*, and it is not sufficient to form a basis for federal jurisdiction for this action.

**C. This Court Does Not Have Jurisdiction Under the Complete Preemption Doctrine**

As previously stated, the well-pleaded complaint rule means that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-

PLAINTIFFS' MOTION TO REMAND
PAGE 5
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

emption, even if the defense is anticipated in the plaintiffs' complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 387. The Supreme Court has recognized, however, an "independent corollary to the well-pleaded complaint rule known as the complete pre-emption doctrine." *Id.* That doctrine posits that there are some federal statutes that have such "extraordinary pre-emptive power" that they "convert an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987).

However, the complete preemption doctrine is not to be confused with the doctrine of federal preemption or defensive preemption, which ordinarily is merely a federal defense to the plaintiffs' suit. *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Accordingly, such preemption does not confer federal question jurisdiction on a federal district court. *See id.*; *see also Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, (1986) (noting that federal district courts are courts of limited jurisdiction).

Moreover, preemption of state law claims may only be removed to federal court in rare instances. *Arco Environmental Remediation, L.L.C. v. Department of Health Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). Indeed, the Ninth Circuit has acknowledged that the Supreme Court has only recognized three instances of "complete jurisdiction," which does not include complete preemption under the ICCTA. *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947-948 (9th Cir. 2014). Even though the Ninth Circuit has never held that state law claims may be completely preempted by the ICCTA, King County requests this as a basis for why this Court has jurisdiction over this action.

PLAINTIFFS' MOTION TO REMAND
PAGE 6
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

### 1. *B & S Holdings, LLC v. BNSF Ry. Co.* conflates ordinary preemption with complete preemption

The fact that the Ninth Circuit has never weighed in on this subject was acknowledged by the Eastern District in *B & S Holdings, LLC v. BNSF Ry. Co.,* 889 F. Supp.2d 1252, 1256 (E.D. Wash. 2012) ("There is no Ninth Circuit precedent on the issue of whether complete preemption exists under the ICCTA in the context of state law adverse possession claims to railroad property"). Because the law is unsettled in the Ninth Circuit, this Court should not feel compelled to adopt the Eastern District's decision in *B & S Holdings*, which conflates the meaning of ordinary preemption and complete preemption, and further misapplies Ninth Circuit precedent with regard to the weight to be given to administrative decisions.

In *B & S Holdings*, the court adopted in full the Surface Transportation Board ("STB") decision in *Jie Ao & Xin Zhou – Pet. for Decl. Order*, FD 35539 (STB served June 4, 2012), in which the STB determined if the ICCTA would preempt a state law adverse possession claim. The Eastern District Court adopted the STB's decision in full, which had the impact of permitting the federal agency to decide a matter of federal subject matter jurisdiction. At most, the STB can offer its opinion to whether defensive preemption exists, yet as is made clear by the Supreme Court, such cannot form a basis for removal to federal court. *See Caterpillar,* 482 U.S. at 393 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue"); *see also Bd. of Selectmen of Town of Grafton v. Grafton & Upton R. Co.*, No. 12-CV-40164-TSH, 2013 WL 2285913, at *10 (D. Mass. May 22, 2013) ("What the [railroad] really attempts to argue is that because the ICCTA is a federal scheme

PLAINTIFFS' MOTION TO REMAND  
PAGE 7  
Case No.: 2:15-cv-01358

Thomas E. Hornish  
1237 E Lake Sammamish Shore Ln SE  
Sammamish, WA 98075-9612  
Phone: 858-775-5678

through which an administrative agency has exclusive power to preempt state law, that and that alone is somehow sufficient grounds for removal under complete preemption").

Indeed, in *Jie Ao*, the STB was only called on by the Washington Superior Court to answer the question of whether there was ordinary federal preemption. Accordingly, the decision cannot have any bearing on the question of whether this action should be subject to the doctrine of complete preemption. *See Pace v. CSX Transp., Inc.*, 613 F.3d 1066, 1070 n. 1 (11th Cir. 2010) ("Complete preemption, as a narrow exception to the well-pleaded complaint rule, carries a higher burden than proving a defense based on preemption").

**2. Because this action can at best be analyzed as "as applied" preemption, such should not form a basis for complete preemption within the Ninth Circuit**

Even if this Court determines that the reasoning in *Jie Ao* should inform it on the subject of federal jurisdiction, the circumstances in this action result in a different conclusion under *Jie Ao*. *Jie Ao* concerned an adverse possession claim of a portion of a railroad right-of-way that had the effect of conferring exclusive control over a 35-foot by 135-foot swath of railroad right-of-way. Such a large parcel of land is not involved here where the Plaintiffs only allege their fee ownership of their land is currently encumbered with an easement for a trail over a portion of the present right-of-way, with the potential reactivation of a railroad. Such a limited area cannot on its face be said to "unreasonably interfere with potential railroad operations." *Jie Ao*, FD 35539 at p. 3. In any event, King County has failed to come forth with any evidence and has not met its burden to show that there is complete preemption. *See Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 684 (9th Cir. 2006) ("'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the *burden* of establishing the

PLAINTIFFS' MOTION TO REMAND
PAGE 8
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

contrary *rests upon the party asserting jurisdiction*'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, (1994)) (alterations in original) (emphasis added).

Because it is the degree of interference that is the critical factor in this action, under *Jie Ao* the question of federal preemption would have to be analyzed under the "as applied" analysis. *See Jie Ao*, FD 35539 at p. 1 ("'as applied' preemption [is] based on the degree of interference that a particular action would have on railroad transportation"). However, if the action is analyzed in this manner, it would suffer from the same logical problem identified in *Shupp v. Reading Blue Mountain*, 850 F. Supp.2d 490 (M.D. Pa. 2012). In *Shupp*, the court recognized the "logical conundrum" presented when courts apply the case-by-case "as-applied" analysis. *Id.* at 500. *Shupp* provides a succinct explanation of this "logical conundrum":

> When a court recognizes that a broad policy of "complete preemption" does not exist with regard to a particular area of law, such as the ICCTA, RSIA, or FRSA, then no amount of factual analysis, in particular circumstances, should be able to create complete preemption. Complete preemption exists or it does not. *See, e.g.,* the complete preemption under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as stated in *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Complete preemption does not arise in some circumstances while retreating when the facts of a particular case arguably support a finding of "ordinary preemption." Having to engage in an "as-applied" analysis is inherently antithetical to the concept of complete preemption.
>
> The "as-applied" analysis is appropriate when trying to determine whether ordinary preemption applies to particular facts in an ICCTA matter; however, when exceptions to preemption such as routine at-grade crossings and utility easements are recognized by a variety of district and circuit courts, as well as by the STB, it is difficult, if not impossible, to reconcile such exceptions with a "complete preemption" policy that, by definition, displaces all conflicting state and common laws.

*Id*. Since the Ninth Circuit has yet to adopt any view concerning complete preemption under the ICCTA, it is certainly not a given (as King County apparently presumes) that it would

PLAINTIFFS' MOTION TO REMAND  
PAGE 9  
Case No.: 2:15-cv-01358

Thomas E. Hornish  
1237 E Lake Sammamish Shore Ln SE  
Sammamish, WA 98075-9612  
Phone: 858-775-5678

choose to endorse the "as applied" analysis. Given that the Ninth Circuit already recognizes the substantial limitations of complete preemption doctrine, it is doubtful it would see utility in adopting this view. *See Retail Prop. Trus,* 768 F.3d at 947-948 (pointing out that the Supreme Court has only identified three instances of complete preemption). Furthermore, following the path of *Shupp* is consistent with Ninth Circuit preemption principles which hold that removal statutes are to be strictly construed against removal jurisdiction. *Gaus*, 980 F.2d at 566 (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).

### 3. Even under the "as-applied" analysis, this action does not present a situation where there should be complete preemption

Complete preemption pursuant to the ICCTA is premised upon federal occupation of economic regulation. *Fayous Enterprises v. BNSF Ry. Co.*, 602 F.3d 444, 451 (D.C. Cir. 2010) ("the core of ICCTA preemption is 'economic regulation'"). As the Fifth Circuit has observed, "Congress was particularly concerned about state *economic* regulation of railroads when it enacted the ICCTA." *Elam v. K. C. S. Ry. Co.*, 635 F.3d 796, 805 (5th Cir. 2011). Accordingly, "§ 10501(b) does not expressly preempt generally applicable state laws that have a mere 'remote or incidental effect on rail transportation.'" *Elam,* 635 F.3d at 805 (quoting *Franks Inv. Co. LLC v. Union Pacific R. Co.,* 593 F.3d 404, 410 (2010)).

For instance, "typical disputes regarding rail crossings is not in the nature of regulation governed by the exclusive jurisdiction of the STB." *Franks Inv. Co. LLC v. Union Pac. R. Co.*, 593 F.3d 404, 411 (5th Cir. 2010). Likewise, matters involving crossing-accident negligence claims based on unsafe construction and design of a crossing are not completely preempted by the ICCTA. *Trejo v. Union Pac. R.R. Co.*, No. 3:10-cv-00285 JLH, 2011 WL

PLAINTIFFS' MOTION TO REMAND  
PAGE 10  
Case No.: 2:15-cv-01358

Thomas E. Hornish  
1237 E Lake Sammamish Shore Ln SE  
Sammamish, WA 98075-9612  
Phone: 858-775-5678

309614 (E.D. Ark. Jan. 28, 2011). This action clearly falls within the purview of those cases involving rail crossings and unsafe construction disputes.

There is no support for the proposition that a few feet of disputed right-of-way width would substantially interfere with future railroad operations. Plaintiffs are not claiming a right to a substantial portion of a right-of-way to an extent that it "would directly affect the amount and type of maintenance that could be performed on this railroad ROW, and limit future options for reactivation." *Jie Ao*, FD 35539 at p. 7. This is not a "carving off" of a portion of the right-of-way that would affect future operation, and there has been no evidence submitted by King County to suggest such is the case. Rather, this case deals with the actual location and width acquired by the railroad's prescriptive easement, which is exactly what the railroad used before when the right-of-way was active, and will presumably use in the future if ever reactivated.

Plaintiffs *are not* claiming adverse possession of the former railroad right-of-way but, rather, are claiming that the right-of-way is limited in width to the width actually used by the railroad that was acquired by prescription. King County inaccurately makes the sweeping conclusion that any and all adverse possession claims, which this case is not because it concerns the location and width of a prescriptive easement, are subject to complete preemption, which is not supported by the STB. *Maumee & Western R.R. and RMW Ventures, LLC – Pet. for Decl. Order*, FD 34354 (STB served Mar. 3, 2004) at p. 2 ("neither the court cases, nor the Board's precedent, suggest a blanket rule that *any* eminent domain action against railroad property is impermissible") (emphasis original).

In addition, King County fails to set forth any evidence to support how such is the case in this instance. Because King County has completely failed to carry their burden to support

PLAINTIFFS' MOTION TO REMAND
PAGE 11
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

removal, this Court must remand the matter to state court. *See Gaus*, 980 F.2d at 566 ("the 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and the court resolves all ambiguity in favor of remand to state court) (citations omitted).

### 4. This Court should remand the action to state court since the claim concerning the railroad's prescriptive easement is certainly not preempted

In *Jie Ao*, the STB decision relied upon by King County, the STB assessed whether there was general preemption of two claims: an adverse possession claim; and a claim for a prescriptive easement. *Jie Ao*, FD 35539 at p. 1. According to the STB, the adverse possession claim was subject to general preemption, yet with regard to the prescriptive easement, the STB decided it was "reasonable for the state court to interpret the threshold issue of whether Petitioners obtained a prescriptive easement [for the parcel] under generally applicable state law." *Jie Ao*, FD 35539 at p. 4. Here, Plaintiffs will not claim adverse possession of the former railroad right-of-way.

Plaintiffs' primary issue is the determination of the width and location of BNSF's prescriptive easement. The determination of the extent or widths of prescriptive easements is matter of state law. *See Sunnyside Valley Irr. Dist. v. Dickie*, 73 P.3d 369, 372 (Wash. 2003) (the width of a prescriptive easement is restricted to that which is reasonably necessary and convenient to effectuate the original purpose of the easement). Therefore, as a practical matter, it would be much more efficient for the state court to decide the issue of prescriptive easement. This course of action is consistent with prior decisions of the STB that hold that prescriptive easement issues may be addressed by state courts. *See, e.g., Allegheny Valley R.R. – Pet. for Decl. Order – William Fiore*, FD 35388 (STB served Apr. 25, 2011); *Mid-America Locomotive*

PLAINTIFFS' MOTION TO REMAND
PAGE 12
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

*and Car Repair, Inc. – Pet. for Decl. Order*, FD 34599 (STB served June 6, 2005); *Maumee & Western R.R. and RMW Ventures, LLC – Pet. for Decl. Order*, FD 34354 (STB served Mar. 3, 2004).

### D. Whether an Adverse Possession Claim is Completely Preempted is Irrelevant as a Practical Matter Because Plaintiffs Will Remove All References to Adverse Possession From the Next Amended Complaint

King County's primary basis for removal is Plaintiffs' adverse possession claim. Importantly, Plaintiffs note that references to adverse possession will be removed from Plaintiffs' next amended complaint, which Plaintiffs plan to file in state court assuming this Court agrees with Plaintiffs and declines jurisdiction. This for the reason that Plaintiffs, as the owners of the land up to and underlying the right-of-way, own the land in fee simple and it is unnecessary for Plaintiffs to bring an action to declare a property right they already own as a matter of law.

## III.    CONCLUSION

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison,* 5 U.S. 137 (1803)). In this instance, King County has failed to overcome the strong presumption against removal jurisdiction and provide any sound basis to establish that removal is proper. Therefore, Plaintiffs' respectfully request that this Court remand the action to state court for lack of subject matter jurisdiction.

Dated:  September 23, 2015

By /s/ *Thomas E. Hornish*
Thomas E. Hornish       WSBA #47606
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612

PLAINTIFFS' MOTION TO REMAND
PAGE 13
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678

Telephone: (858) 775-5678
thornish67@gmail.com

and

Thomas S. Stewart *(pro hac application pending)*
Elizabeth McCulley *(pro hac application pending)*
Michael J. Smith
**STEWART, WALD & MCCULLEY, LLC**
9200 Ward Parkway, Suite 550
Kansas City, MO 64114
Telephone: (816) 303-1500
Facsimile: (816) 527-8068
stewart@swm.legal
mcculley@swm.legal
smith@swm.legal
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Andrew W Marcuse
David J. Hackett
King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
*Attorneys for Defendant King County*

          */s/ Thomas E. Hornish*

PLAINTIFFS' MOTION TO REMAND
PAGE 14
Case No.: 2:15-cv-01358

Thomas E. Hornish
1237 E Lake Sammamish Shore Ln SE
Sammamish, WA 98075-9612
Phone: 858-775-5678