THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7         UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                 AT SEATTLE

9 | TRACY NEIGHBORS AND BARBARA | No. 2:15-cv-013580-MJP |
|---|---|
| NEIGHBORS; ARUL MENEZES AND | |
| LUCRETIA VANDERWENDE; LAKE | **KING COUNTY'S MOTION TO** |
| SAMMAMISH 4257 LLC; HERBERT | **CONSOLIDATE** |
| MOORE AND ELYNNE MOORE; TED | |
| DAVIS AND ELAINE DAVIS; REID | NOTE ON MOTION CALENDAR: |
| BROWN AND TERESA BROWN; SHAWN | OCTOBER 30, 2015 |
| HUARTE AND TRINA HUARTE; | |
| ANNETTE MCNABB; EUGENE MOREL | |
| AND ELIZABETH MOREL; VOLKER | |
| ELSTE AND GAIL UREEL; JOHN R. WARD | |
| AND JOANNA WARD, AS CO-TRUSTEES | |
| OF THE WARD HALES LIVING TRUST; | |
| YORK HUTTON; L. LARS KNUDSEN AND | |
| LISE SHDO, | |
| | |
|           Plaintiffs, | |
| | |
|    v. | |
| | |
| KING COUNTY, a municipal corporation and | |
| political subdivision of the State of | |
| Washington, | |
| | |
|           Defendant. | |

## I.    INTRODUCTION

Defendant King County hereby moves under Rule 42(a) to consolidate this action

("*Neighbors II*") with companion litigation currently pending before Judge Pechman, *Hornish v. King*

*County*, Case No. 2:15-cv-00284-MJP ("*Hornish*"). Both cases involve the same Plaintiffs' counsel,

KING COUNTY'S MOTION TO CONSOLIDATE – Page 1
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1   many of the same Plaintiffs, the same Defendant, and the same legal and factual issues stemming

2   from railbanking of the East Lake Sammamish Rail Corridor ("ELSRC").  Given that consolidation

3   and adjudication of these cases will conserve judicial resources without causing any delay or

4   prejudice to the Plaintiffs, King County respectfully requests that the Court order consolidation of

5   these matters.

6                                    II.    **FACTS**

7           The same attorneys representing Plaintiffs in this litigation filed *Hornish* on February 25,

8   2015.  *See* Exhibit A to Declaration of Emily Harris ("Harris Decl.").  In *Hornish* – originally

9   captioned *Sammamish Homeowners v. Cnty. of King* – Plaintiffs alleged that King County

10  "improperly and illegally attempted to usurp the landowners' fee interests in the subsurface rights

11  and improperly is attempting to claim ownership in land that belongs to Plaintiffs, which King County

12  has no right to do."  *Hornish*, Compl. ¶ 31 (Dkt. No. 1) (Feb. 25, 2015), Harris Decl. Ex. A.

13          King County then moved to dismiss *Hornish* on March 23, 2015, based on Plaintiffs' failure

14  to satisfy requirements to invoke the centerline presumption.  *Hornish*, Mot. to Dismiss (Dkt. No. 9).

15  The Court granted that motion, with leave to amend, holding that "[w]ith the centerline presumption

16  rebutted, Plaintiffs have not properly alleged a property interest in the Corridor, and thus cannot plead

17  an actual or even threatened 'injury in fact' sufficient to establish Article III standing."  *Hornish*,

18  2015 WL 3561533, at *3 (W.D. Wash. June 5, 2015).

19          In response, Plaintiffs filed an amended complaint on August 14, 2015, seeking a declaratory

20  judgment "that the original source conveyance to the railroad was an easement and other interests

21  acquired by the railroad were prescriptive easements, that the easements were for railroad purposes

22  only, and that Plaintiffs are the fee owners of the railroad right-of-way at issue, and King County only

23  acquired a surface easement for a hiking and biking trail with the possible reactivation of a railroad

24  pursuant to the Trails Act."  *Hornish*, Am. Compl. ¶ 39 (Dkt. No. 31).  King County then filed an

25  answer and counterclaims on August 28, 2015. *Hornish*, Answer (Dkt. No. 32).  In its counterclaims,

KING COUNTY'S MOTION TO CONSOLIDATE – Page 2
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

King County alleged that it "owns fee title or exclusive railroad easement rights characterized as a 'quasi-fee' in the portions of the ELSRC that are adjacent to Plaintiffs' property." *Id.* at Counterclaim ¶ 2. Furthermore, King County asserted that Plaintiffs "have interfered with King County's property rights in the ELSRC by erecting and maintaining various unauthorized improvements that impede King County's access to its property, its exclusive control, and prevent public enjoyment." *Id.* at Counterclaim ¶ 3. *Hornish*, including King County's counterclaims, remains pending before the Court.[1]

Subsequently, Plaintiffs' counsel filed *Neighbors II* on August 20, 2015. Harris Decl. Ex. B. In this, their third and latest litigation, Plaintiffs allege that King County "did not acquire any interest in properties abutting the Plaintiffs' properties when it accepted Defendant's [*sic*] Quit Claim Deed." *Neighbors II*, Compl. ¶ 21 (Dkt. No. 1) (Aug. 20, 2015). Likewise, Plaintiffs allege that even "[i]f Defendant is able to prove BNSF acquired prescriptive easement rights to widths greater than the railroad tracks, ties and ballast, Defendant later lost those rights when Plaintiffs improved and occupied major portions of the" ELSRC. *Id.* ¶ 23. According to Plaintiffs, their "uses and improvements include, without limitation construction of walkways, driveways, parking areas, landscaping systems, utilities and the planting of trees, shrubs and ground cover, all within the [ELSRC]." *Id.* ¶ 24.

In addition to being filed earlier, the *Hornish* litigation is more mature. Pursuant to a scheduling order from the Court, the parties have submitted a discovery plan preparing the case for trial by November 28, 2016. *Hornish*, Joint Status Report, ¶ 11 (Dkt. No. 38) (Sept. 30, 2015). The Parties have already begun to exchange discovery, as Plaintiffs have provided responses to

---

[1] Plaintiffs, again represented by the same counsel, also filed a case captioned *Neighbors v. King County*, No. 2:15-cv-00970-MJP ("*Neighbors I*") on June 16, 2015. In that case, Plaintiffs challenged "the maximum width of the trail King County could have acquired through operation of the Trails Act." *Neighbors I*, 2015 WL 3949245, at *1 (W.D. Wash. June 26, 2015). Judge Pechman dismissed the case, without prejudice, "[b]ecause the inverse condemnation action [wa]s not ripe . . . and the federal court lacks jurisdiction over a declaratory judgment action based solely on disputes over state law." *Id.* at *2.

KING COUNTY'S MOTION TO CONSOLIDATE – Page 3
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1   interrogatories from King County.  Harris Decl., Exs. C-H.  The Parties have yet to file a discovery

2   plan for *Neighbors II*.  Likewise, the Parties have exchanged initial disclosures in *Hornish*, but not in

3   *Neighbors II*.  Harris Decl., Exs. I-J.

## III.   ARGUMENT

5   Rule 42 permits consolidation of cases "involving a common question of law or fact [which]

6   are pending before the court." Fed. R. Civ. P. 42(a).  District courts have "broad discretion in deciding

7   whether or not to grant a motion for consolidation, although typically, consolidation is favored."

8   *Perez-Funez v. District Director, INS*, 611 F. Supp. 990, 993-94 (C.D. Cal. 1984) (consolidating suits

9   by multiple plaintiffs challenging constitutionality of INS's voluntary departure procedure with

10  respect to unaccompanied minor aliens because suits sought identical relief); *see also Dollens v.

11  Zionts*, 2001 WL 1543524, at *2 (N.D. Ill. Dec. 4, 2001) ("[C]onsiderations of judicial economy

12  strongly favor simultaneous resolution of all claims growing out of one event.").

13  Consolidation should be granted where the "saving of time and effort consolidation would

14  produce" outweighs "any inconvenience, delay, confusion, or prejudice."  *See Roberts v. Heim*, 1989

15  WL 80403, at *1 (N.D. Cal. Mar. 22, 1989) (granting consolidation because cases arose out of the

16  same conspiracy), *aff'd*, 42 F.3d 1401 (9th Cir. 1994); *see also* WRIGHT & MILLER, 9A Fed. Prac. &

17  Proc. Civ. § 2383 (3d ed.) (Courts should "weigh the saving of time and effort that consolidation

18  would provide against any inconvenience, delay, or expense that it would cause.").

19  Here, it is beyond dispute that the *Hornish* Litigation and the *Neighbors II* Litigation involve

20  common questions of law and fact.

21  Both Plaintiffs' claims in *Neighbors II* and King County's Counterclaims in *Hornish* seek to

22  resolve disputes regarding Plaintiffs' encroachments in the corridor.  *Compare Hornish*, Answer,

23  Counterclaim ¶ 3 (Dkt. No. 32) (Aug. 28, 2015) (regarding Plaintiffs' "improvements that impede

24  King County's access to its property"), *with Neighbors II*, Compl. ¶ 24 (Dkt. No. 1) (Aug. 20, 2015)

25  (regarding Plaintiffs' "construction of walkways, driveways, parking areas, landscaping systems,

KING COUNTY'S MOTION TO CONSOLIDATE – Page 4
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1    utilities and the planting of trees, shrubs and ground cover, all within the [ELSRC]."). Likewise, in

2    both cases, Plaintiffs seek a declaratory judgment that King County holds no interest in the ELSRC

3    other than an easement for recreational trail purposes. *Compare Hornish*, Am. Compl. ¶ 12 (Dkt. No.

4    31) (Aug. 14, 2015) ("Plaintiffs seek a declaratory judgment ordering that the railroad only held an

5    easement for railroad purposes and King County only acquired an easement for recreational trail

6    purposes by and through the Trails Act with preservation of the right-of-way only for future railroad

7    purposes and uses through railbanking."), *with Neighbors II*, Compl. ¶ 22 (Dkt. No. 1) (Aug. 20,

8    2015) ("Defendant acquired, at most, unrecorded and unperfected prescriptive easement rights to

9    cross the area of the [ELSRC] that had been improved with railroad tracks, ties and ballast.").

10           In fact, the claims and Parties are so aligned that the only Plaintiff from *Hornish* who is not

11   also a party to *Neighbors II*, Thomas Hornish, actually serves as local counsel to the latter case.[2]  And

12   significantly, the Parties previously agreed that *Hornish* and *Neighbors II* are so similar that they

13   require disclosure under Local Rules 26(f)(1) and 3(g), which apply to any case that "involves all or

14   a material part of the same subject matter and all or substantially the same parties as another action."

15   *See Hornish*, Joint Status Report, ¶ 5(C) (Dkt. No. 38) (Sept. 30, 2015) (identifying *Hornish* and

16   *Neighbors II* as related cases).

17           Consolidating the cases under these circumstances will clearly promote judicial efficiency.

18   *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *3 (W.D. Wash. Feb. 6, 2014). "Upon

19   consolidation, the court will be able to address any overlapping issues contained in the two cases in

20   a more streamlined fashion." *Id.*  Moreover, King County is not aware of any reason why

21   consolidating the actions will cause undue delay or prejudice to the *Neighbors II* Plaintiffs. To the

22   contrary, given that Judge Pechman has already addressed one of the threshold issues that may arise

23   in *Neighbors II* if the cases are not consolidated, consolidating the cases will actually allow *Neighbors*

24

25   [2]  Mr. Hornish appeared in *Hornish* as co-trustee of the Thomas E. Hornish and Suzanne J. Hornish Joint
     Living Trust, rather in his personal capacity.

KING COUNTY'S MOTION TO CONSOLIDATE – Page 5
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1  *II* to proceed more expeditiously.  In *Hornish*, the Court ruled that Plaintiffs must demonstrate "a

2  clear generation-to-generation chain of title" in order to assert title to the ELSRC through the

3  centerline presumption.  2015 WL 3561533, at *3.  Consolidating these cases would allow the Court

4  to avoid ruling on duplicative briefing in *Neighbors II*.

## IV.    CONCLUSION

6        For the reasons set forth above, King County respectfully requests that the Court consolidate

7  the *Neighbors II* litigation with the pending *Hornish* litigation.

9        DATED this 12th day of October, 2015.

10                                        DANIEL T. SATTERBERG
                                          King County Prosecuting Attorney

11

12                                        By: *s/ David J. Hackett*
                                          DAVID HACKETT, WSBA #21236

13                                        Senior Deputy Prosecuting Attorney

14                                        By: *s/ H. Kevin Wright*
                                          H. KEVIN WRIGHT, WSBA #19121

15                                        Senior Deputy Prosecuting Attorney

16                                        By: *s/ Peter G. Ramels*
                                          PETER G. RAMELS, WSBA #21120

17                                        Senior Deputy Prosecuting Attorney

18                                        By: *s/ Barbara Flemming*
19                                        BARBARA A. FLEMMING, WSBA #20485

20                                        Senior Deputy Prosecuting Attorney

21                                        King County Prosecuting Attorney's Office
                                          500 Fourth Ave., 9th Floor

22                                        Seattle, WA 98104
                                          Telephone: (206) 296-8820 / Fax: (206) 296-8819

23                                        Email: david.hackett@kingcounty.gov
24                                                 kevin.wright@kingcounty.gov
                                                   pete.ramels@kingcounty.gov

25                                                 barbara.flemming@kingcounty.gov

KING COUNTY'S MOTION TO CONSOLIDATE – Page 6
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

By: *s/ Emily J. Harris*
EMILY J. HARRIS, WSBA #35763
DAVID I. FREEBURG, WSBA #48935
Special Deputy Prosecuting Attorneys
Corr Cronin Michelson
Baumgardner Fogg & Moore LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone: (206) 625-8600 / Fax: (206) 625-0900
Email: eharris@corrcronin.com
         dfreeburg@corrcronin.com

*Attorneys for Defendant King County*

KING COUNTY'S MOTION TO CONSOLIDATE – Page 7
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1

## <u>CERTIFICATE OF SERVICE</u>

2

       I hereby certify that on October 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

3

4

       DATED this 12th day of October, 2015.

5

                  *s/ Leslie Nims*

6

                  Leslie Nims

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

KING COUNTY'S MOTION TO CONSOLIDATE – Page 8
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819