UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY NEIGHBORS AND BARBARA NEIGHBORS; ARUL LMENEZES AND LUCRETIA VANDERWENDE; LAKE SAMMAMISH 4257 LLC; HERBERT MOORE AND ELYNNE MOORE; TED DAVIS AND ELAINE DAVIS; REID BROWN AND TERESA BROWN; SHAWN HUARTE AND TRINA HUARTE; ANNETTE MCNABB; EUGENE MOREL AND ELIZABETH MOREL; VOLKER ELSTE AND GAIL UREEL; JOHN R. WARD AND JOANNA WARD, AS CO-TRUSTEES OF THE WARD HALES LIVING TRUST; YORK HUTTON; L. LARS KNUDSEN AND LISE SHDO, <br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a municipal corporation and political subdivision of the State of Washington,<br><br>Defendants. | Case No.: 2:15-cv-01358<br><br>PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR: OCTOBER 16, 2015 |

I.   **INTRODUCTION**

King County simply cannot overcome the reality that federal jurisdiction exists only when "federal jurisdiction is presented **on the face** of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (emphasis added). This

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 1
Case No.: 2:15-cv-01358

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

basic rule completely controls the disposition of the issue of whether remand is proper or not. King County completely ignores this proposition and, instead, attempts to direct the Court towards several phrases from Plaintiffs' Complaint, which are totally taken out of context, to support its argument. King County then exacerbates the problem by attempting to draw a conclusion that is completely contrary to the affirmative statement made by Plaintiffs that they do not challenge the federal law that enabled King County to construct a trail.

In addition, with regard to the possibility of complete preemption under the ICCTA, the Defendant attempts to apply a rule that has not been adopted in the Ninth Circuit and, is in fact, contrary to established principles of this Circuit, all the while confusing the complete preemption doctrine with that of ordinary preemption. King County also fails to carry its burden to prove that Plaintiffs' claims would have any impact whatsoever on railroad operations, which must necessarily be established in order for complete preemption to exist.

## II.  ARGUMENT

### A. Because Plaintiffs Do Not Challenge the Right of King County to Build Recreational Trail, There Is No Federal Question

The primary basis for King County's request for removal is that Plaintiffs' Complaint challenges King County's right to establish a nature and hiking trail in the abandoned railroad corridor. Again, to be clear, it is not Plaintiffs' position that King County does not have the right to construct a trail. Rather, this case is about the extent, width or breadth of that right, which is controlled solely by state law. King County's inaccurate view to the contrary is encapsulated by its following statement:

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 2
Case No.: 2:15-cv-01358

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

> Here, Plaintiffs' claim is that while BNSF may have obtained the right to use the corridor (or portions of it) adjacent to their land by adverse possession, BNSF could not, and did not, convey those rights to King County pursuant to the Quit Claim deed or otherwise. Compl. ¶ 20 ("BNSF did not, in fact, have any recorded interests in said properties capable of being conveyed to the Land Conservancy of Seattle and Defendant"); id. ¶ 21 ("Consequently, Defendant did not acquire any interest in the properties abutting Plaintiffs' properties when it accepted Defendant's [sic] Quit Claim Deed."). **Plaintiffs' theory appears to be** that only recorded interests can be conveyed by a Quit Claim Deed and that one who acquires land by adverse possession cannot convey it to another. **Whether that theory is true or not**, however, is beside the point for purposes of determining federal question jurisdiction. Here, to prevail on their claims Plaintiffs must also demonstrate that the Trails Act did not stop the application of state law, which might otherwise extinguish a railroad easement following discontinuance of use.

(Def.'s Resp. at p. 4, ECF No. 18) (emphasis added).

None of that is true. The statements referenced by King County are directed towards setting forth the foundation for Plaintiffs' claims, which is that King County's interest in the corridor is only what was owned by the former railroad — here, a prescriptive easement. King County cannot point to any recorded document to conclusively establish the boundaries of their easement because prescriptive easements are rarely, if ever, recorded.

Accordingly, there is no element of Plaintiffs' claims that require them to "demonstrate that the Trails Act did not stop the application of state law." *See id*. The boundary of the prescriptive easement is established by Washington state law. Indeed, this issue is on equal footing with any other quiet title action involving the boundaries of an unrecorded prescriptive easement. It simply does not matter that King County bought the prescriptive easement from a railroad under the authority of the Trails Act. The entity that

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 3
Case No.: 2:15-cv-01358

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

King County purchased the land from is simply irrelevant to the question of federal jurisdiction, just as is the case with any other quiet title action.

At any rate, to the extent that there is any ambiguity concerning the meaning of Plaintiffs' allegations, such cannot work in King County's favor, considering that jurisdiction "must be rejected if there is any doubt as to the right of the removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Contrary to King County's apparent position, federal courts are courts of limited jurisdiction, and federal jurisdiction does not arise simply as a matter of course when land is transferred under the authority of a federal statute. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) ("it is appropriate to restate certain basic principles that limit the power of every federal court. Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto").

King County's reliance on *Drawhorn v. Quest* is particularly misplaced, though not unexpected at this juncture, considering King County's apparent confusion over Plaintiffs' claims. In *Drawhorn*, plaintiff landowners alleged that land interests acquired by a railroad through prior federal grants of land did not include the right to install fiber optic networks. *Drawhorn v, Qwest Comm. Int'l, Inc.*, 121 F. Supp.2d 554, 557 (E.D. Tex. 2000). As stated repeatedly by Plaintiffs, there is no dispute over whether King County has the right to establish a trail. In *Drawhorn*, the court determined that the parties' rights in the land could not be determined without interpreting federal railway statutes from the late 19th

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 4
Case No.: 2:15-cv-01358

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

Century. *Id*. at 566. This case concerns the extent of a prescriptive right obtained pursuant to Washington State law. Accordingly, and unlike the situation in *Drawhorn*, state law is the only relevant law that applies, so the case should be in state court. Put another way, there is no federal statute or law at issue here, because there is **no challenge of the legitimacy of the Trails Act**.

### B. That the ICCTA Completely Preempts These Types of Claims Has Not Been Adopted by This Circuit or the Supreme Court

King County provides the court with a string of citations from district courts outside the Ninth Circuit where various courts have determined that, due to the specific allegations contained within those complaints, the ICCTA completely preempted those claims. Yet, King County utterly fails to explain why such a rule should be applied in this circuit. As pointed out already by Plaintiffs, this view is not the prevailing view amongst all federal courts, and is open to criticism.

The flaws in the view supported by King County was explained in *Shupp v. Reading Blue Mountain*, where the court astutely recognized that "[c]omplete preemption exists or it does not" and that engaging in an "as applied" analysis is "inherently antithetical to the concept of complete preemption." *Shupp v. Reading Blue Mountain*, 850 F. Supp.2d 490, 500 (M.D. Pa. 2012). More importantly, it is the *Shupp* viewpoint that is most akin to that of the Ninth Circuit, for it is unassailable that the Ninth Circuit strictly construes removal statutes against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance") (citations omitted).

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 5
Case No.: 2:15-cv-01358

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

### C. King County Makes the Same Error As B&S Holdings By Confusing Complete Preemption with Ordinary Preemption

King County attempts to avoid the established principles of the Ninth Circuit by pointing to several ICCTA-related decisions, none of which concern preemption in the context of removal, i.e., complete preemption. In *Association of Am. R.R. v. South Coast Air Quality Management Dist.*, 622 F.3d 1094, 1098 (9th Cir. 2010), at issue were state rules aimed at limiting air pollution created by ordinary trains, not the issue of the jurisdiction of the federal court. Likewise, *Auburn v. Untied States*, 154 F.3d 1025 (9th Cir. 1998) concerned federal law preemption of state and local environmental review laws. This conflation of ordinary preemption with complete preemption by King County is exactly what the Supreme Court warned against in *Caterpillar*, when it explained that "it is now **settled law** that a case may not be removed to federal court on the basis of **a federal defense**, including the defense of preemption." *Caterpillar*, 482 U.S. at 393 (emphasis added).

More worrisome, perhaps, is that the sole Supreme Court case cited by King County, *Altria Grp., Inc. v. Good*, 555 U.S. 70 (2008), also concerned ordinary preemption, not complete preemption. That the present motion concerns federal jurisdiction and not the preemption of state law by federal law cannot be overlooked, for "[a]s a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (quoting *New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 331(5th Cir. 2008).

King County asserts that the Ninth Circuit decisions it cites are "prior precedent" (*see* Def.'s Resp. at p. 9, ECF No. 18), but nothing could be further from reality since those

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO REMAND
PAGE 6
Case No.: 2:15-cv-01358

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

are ordinary preemption cases. As made clear by the Supreme Court in *Caterpiller*, a federal defense does not confer jurisdiction upon a federal court. *See also PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005) ("Potential defenses, including a federal statute's preemptive effect, do not provide a basis for removal") (citations omitted).

Even more troubling, is that King County relies to a great extent on various STB decisions, none of which have any bearing on the issue of complete preemption. Simply put, neither the STB, nor any other federal agency for that matter, can make decisions on whether a district court has jurisdiction over a matter. King County makes the same mistake as was made in *B&S Holdings*, where the Eastern District Court looked to a federal agency decision when it decided a matter of federal jurisdiction. The court in *B&S Holdings* relied almost exclusively on the STB *Jie Ao* decision, apparently without realizing that the Board was only being called on to decide whether there was ordinary federal preemption. As pointed out by the Fifth Circuit, "the STB's test [for preemption] applies to **ordinary preemption** analysis under § 10501(b)." *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 322 (5th Cir. 2008) (emphasis added).

Compounding the confusion initiated in *B&S Holdings*, the court in *14500 Ltd.* made the mistake of misinterpreting *Union Pacific R. Co. v. Chicago Transit Authority,* 647 F.3d 675 (7th Cir. 2011), as it offered that case as an example of where a "a United States Circuit Court… [has] concluded that attempts to take railroad property are preempted by the ICCTA." *14500 Ltd. v. CSX Transp., Inc*., No. 1:12CV1810, 2013 WL 1088409, at *4 (N.D. Ohio Mar. 14, 2013) (citing *Chicago Transit Authority,* 647 F.3d

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 7
Case No.: 2:15-cv-01358

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

675.).  In *Chicago Transit*, the Seventh Circuit decided a matter of ordinary preemption of federal law, as the issue was what law should be applied.  Accordingly, the decision in *1400 Ltd.* was totally devoid of any support.

Continuing on the false premise that the categorical preemption versus "as applied" analytical framework controls a federal court's jurisdiction, King County next proposes that there is a "categorical preemption" by the ICCTA of any and all state law claims that even remotely touch on or concern abandonment of railroad lines.  The only support offered for the notion of categorical preemption are a handful STB decisions, none of which are binding on this court, and as previously pointed out do not concern federal court jurisdiction.  Plaintiffs have not been able to locate any instance where the STB's categorical preemption approach has been applied to form a basis for ordinary preemption, let alone complete preemption, and thereby federal jurisdiction.  *See Chicago Transit Authority*, 647 F.3d at 679-680 (discussing decisions where courts declined the STB's categorical approach and instead applied the "as applied" approach).

**D. There Is No Complete Preemption Because Plaintiffs' Claims Cannot Be Said to Have Even a Remote Effect On Rail Transportation**

"Section 10501(b) does not expressly preempt generally applicable state laws that have a mere remote or incidental effect on rail transportation."  *Elam v. Kansas City So. Ry. Co.*, 635 F.3d 796, 805 (5th Cir. 2011) (citations omitted).  The burden is on the defendant to establish that federal jurisdiction exists, and it must conclusively show that the state action unreasonably interferes with railroad operations.  *See Barrois*, 533 F.3d at 334 ("Even assuming that the complete preemption doctrine extends to as-applied preemption challenges… the Railroad has failed to demonstrate that the Louisiana scheme for enclosed

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO REMAND
PAGE 8
Case No.: 2:15-cv-01358

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

estate owners unreasonably interferes with railroad operations"). King County has belatedly attempted to satisfy its burden by submitting the declaration of Mr. Stephen Sullivan.[1] However, Mr. Sullivan's declaration conclusively establishes that it would be impossible for Plaintiffs' claims to have any effect, or even a remote or incidental effect, on rail transportation. This is because any future reactivation would require a complete upheaval of the surrounding land mass in and around the abandoned railroad corridor, regardless of whether the Plaintiffs' claims succeed or fail.

The width of the trail easement that adjoins Plaintiffs' land has been relatively unchanged from its present width of approximately 12' to 15' wide since the early 1980's when the BNSF railroad was still in operation. *See Neighbors I*, Declaration of Reid and Teresa Brown, Dkt. No. 8, Exhibit G, at ¶¶7, 8, resubmitted and attached hereto as Plaintiffs' Exhibit A. In his declaration, Mr. Sullivan describes a necessary width of approximately 84 feet to 96 feet in order to conduct railroad operations. Declaration of Sullivan, at ¶¶6, 7. As shown by the photographs attached to Exhibit A, not only is there an immediate drop of approximately 10 feet from the rail bed only a few feet from where the railroad tracks were once located, the required distance suggested by Mr. Sullivan would put a future railroad right-of-way through Mr. Brown's living room. *See* Exhibit A at ¶14. Whether Plaintiffs' claims concerning a few feet of the present right of way succeed or fail will not alleviate the necessity for a future railroad to utterly obliterate

---

[1] Mr. Sullivan's Declaration should be stricken from the record on the grounds that King County failed to come forth with any such evidence when it filed its Notice of Removal.

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 9
Case No.: 2:15-cv-01358

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

several of the Plaintiffs' homes.[2]  Thus, even if the corridor is preserved in its present state or the state as it existed at the time railroad operations ceased, neither of those conditions will be sufficient to enable a railroad to safely maneuver and operate along the land that has been converted into a nature trail.

Plaintiffs predict that King County will argue that it has a duty under the Trails Act to ensure that the land can be preserved and reactivated for railroad use.  But, it is not King County's duty, nor the duty of any other trail user under the Trails Act for that matter, to prepare abandoned railroad corridors for future reactivation.  There is simply no way that King County, or any railroad in the future for that matter, could ever use 90' widths in the future because the railroad never used 90' widths before, they only used 20' or less, and there wasn't even 90' available to them before, and there isn't more than 20' available to them now.

## III. CONCLUSION

Plaintiffs' Motion is one for remand and the question to be answered is if Plaintiffs' complaint, on its face, presents a federal question.  As stated exhaustively by Plaintiffs, there is no challenge to King County's authority to establish a nature and hiking trail, and so there is no challenge of any federal statute or federal law.  Furthermore, because King County completely confuses the concepts of complete preemption with ordinary preemption, King County's arguments regarding same should be ignored.  Finally, there is no support for the proposition that Plaintiffs' suit could ever have an impact on future

---

[2] King County, furthermore, can't possibly even believe their own witness, Mr. Sullivan, because King County has already negotiated and consummated a number of easement agreements with adjoining landowner with widths of 20' for railroad operations if reactivation does actually occur.  King County's argument about necessary widths of 80' or 90' should be totally rejected as a complete sham.

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 10
Case No.: 2:15-cv-01358

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

railroad operations. Plaintiffs therefore respectfully request that this Court remand the action to state court for lack of subject matter jurisdiction.

Dated: October 16, 2015

                                       **STEWART, WALD & MCCULLEY, L.L.C.**

By /s/ *Thomas S. Stewart*
Thomas S. Stewart
Elizabeth McCulley
Michael J. Smith
9200 Ward Parkway, Suite 550
Kansas City, MO  64114
Telephone:  (816) 303-1500
Facsimile:  (816) 527-8068
stewart@swm.legal
mcculley@swm.legal
smith@swm.legal

AND

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA  98005
Telephone:  (425) 455-1110
Facsimile:  (425) 455-1626
daryl@rdtlaw.com
**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 11
Case No.: 2:15-cv-01358

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Andrew W Marcuse
David J. Hackett
King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
*Attorneys for Defendant King County*

　　　　　　　　　　　　　　　　　　　　　/s/ Thomas S. Stewart

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REMAND
PAGE 12
Case No.: 2:15-cv-01358

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626