THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY NEIGHBORS AND BARBARA NEIGHBORS; ARUL MENEZES AND LUCRETIA VANDERWENDE; LAKE SAMMAMISH 4257 LLC; HERBERT MOORE AND ELYNNE MOORE; TED DAVIS AND ELAINE DAVIS; REID BROWN AND TERESA BROWN; SHAWN HUARTE AND TRINA HUARTE; ANNETTE MCNABB; EUGENE MOREL AND ELIZABETH MOREL; VOLKER ELSTE AND GAIL UREEL; JOHN R. WARD AND JOANNA WARD, AS CO-TRUSTEES OF THE WARD HALES LIVING TRUST; YORK HUTTON; L. LARS KNUDSEN AND LISE SHDO,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, a municipal corporation and political subdivision of the State of Washington,<br><br>Defendant. | No. 2:15-cv-01358-MJP<br><br>**KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE**<br><br>NOTE ON MOTION CALENDAR: OCTOBER 30, 2015 |

## I.  INTRODUCTION

Plaintiffs fundamentally misunderstand King County's Motion to Consolidate (the "Motion"). King County's Motion is not a play at obtaining an additional basis for federal jurisdiction. This Court either has jurisdiction over Plaintiffs' claims in the *Neighbors II* case, or it does not; the filing

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION
TO CONSOLIDATE – Page 1
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1  of a Motion to Consolidate cannot change that result.  And, obviously, if the Court grants Plaintiffs'
2  Motion to Remand – which it should not – then this Motion is moot.  If the Court denies Plaintiffs'
3  Motion to Remand – as it should – then the cases should be consolidated.  Plaintiffs already admitted
4  in the *Hornish* Joint Status Report filed with the Court that the *Neighbors II* and *Hornish* cases are
5  related.  The cases share most of the same parties, the same counsel, the same underlying facts and
6  the same legal disputes. The cases clearly meet the standards for consolidation under Rule 42(a).
7  Plaintiffs offer no reason why the cases should not be consolidated.  The Court should grant King
8  County's Motion to Consolidate.

## II.     ARGUMENT

King County moved to consolidate this case, *Neighbors II*, with *Hornish*, because both sets of plaintiffs seek a declaratory judgment that King County's only interest in the East Lake Sammamish Rail Corridor (ELSRC) is an easement for recreational trail use, and both cases involve disputes over the plaintiffs' encroachments in the corridor.  Mot. at 4-5.  In the Motion, King County showed that consolidation will promote judicial economy by allowing the Court to avoid duplicative motion practice in these overlapping cases.  *Id*. at 5-6.  There is no prejudice to Plaintiffs, who will suffer no delay.  *Id*. at 5.

### A.     This Court Has Jurisdiction Over *Neighbors II* Regardless of Consolidation.

Plaintiffs' Opposition misstates King County's August 24, 2015 Notice of Removal, which is entirely independent of this Motion.  King County properly removed *Neighbors II* because it involves a substantial federal issue under the artful pleading doctrine, and because Plaintiffs' claims of adverse possession are completely preempted by the Interstate Commerce Commission Termination Act.  *See Neighbors II*, Opp. to Mot. to Remand (Dkt. No. 18) (Oct. 12, 2015).  Therefore, the Court should exercise its jurisdiction over *Neighbors II* regardless of whether it grants consolidation.  Nevertheless, King County agrees that if the Court remands this litigation, consolidation would be moot.

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION
TO CONSOLIDATE – Page 2
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

**B.**     *Neighbors II* and *Hornish* **Contain Common Question of Both Law and Fact.**

As King County showed in the Motion, *Neighbors II* and *Hornish* will require this Court to decide common questions of both law and fact. Plaintiffs' repeated attempt to recast their claims – as they did in their Motion to Remand – is unavailing.

Although Plaintiffs concede both cases "involve the same trail and have some plaintiffs in common represented by the same counsel," they argue there are no "issues of *material* fact that are directly related between the two actions." Opp. at 3 (emphasis original). Plaintiffs simply ignore the plain language of their complaints and their prior admission that *Neighbors II* and *Hornish* "involve[] *all or a material part* of the same subject matter and all or substantially the same parties." Mot. at 5 (citing *Hornish*, Joint Status Report, ¶ 5(C) (Dkt. No. 38) (Sept. 30, 2015) (emphasis added).

The parties' competing claims to quiet title ask the Court to decide common facts regarding the location of the plaintiffs' encroachments and the boundaries of the corridor. In *Neighbors II*, for example, Plaintiffs seek to assert adverse possession of the ELSRC through the "construction of walkways, driveways, parking areas, landscaping systems, utilities and the planting of trees, shrubs and ground cover, all within the [ELSRC]," just as King County's counterclaim in *Hornish* seeks to quiet title due to encroachments "that impede King County's access to its property." Mot. at 4-5 (*comparing Hornish*, Answer, Counterclaim ¶ 3 (Dkt. No. 32) (Aug. 28, 2015), *with Neighbors II*, Compl. ¶ 24 (Dkt. No. 1) (Aug. 20, 2015)). The Parties' property lines are without doubt material facts—perhaps the most material facts—in both *Neighbors II* and *Hornish*. Because of the substantial overlap between the parties, the Court will be resolving the same boundaries, to the same properties, in both cases.

Further, these cases will also require the Court to rule on common questions of law. Mot. at 5. Both sets of plaintiffs seek a declaratory judgment limiting King County's control of the ELSRC. *Id*. The Plaintiffs argue they seek different relief in each case, but "different remedies do not outweigh the significant benefits of consolidation." *Miller v. Ventro Corp*., 2001 WL 34497752, at *5 (N.D.

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION
TO CONSOLIDATE – Page 3
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

Cal. Nov. 28, 2001). In any event, Plaintiffs' Opposition is contradicted by their own complaints. In *Hornish*, the plaintiffs seek "a Declaratory Judgment declaring . . . King County and the public only have a prescriptive easement to use the portions of the [ELSRC] between the margins of the former railroad tracks, ties and ballast." *Hornish*, Am. Compl. ¶ 26 (Dkt. No. 31) (Aug. 14, 2015). Likewise, Plaintiffs in *Neighbors II* seek "a declaratory judgment declaring that . . . King County, by the Quit Claim Deed from BNSF, only acquired a surface easement for a hiking and biking trail." *Neighbors II*, Compl. at 13 (Dkt. No. 1) (Aug. 20, 2015)). This substantial overlap will require the Court to resolve indistinguishable questions of law in both cases. As such, *Hornish* and *Neighbors II* have common questions of both law and fact.

Plaintiffs' caselaw does not help them. In *Single Chip Sys. Corp. v. Intermec IP Corp.*, for example, the court declined to consolidate overlapping cases only because it dismissed one of them under the doctrine of claim splitting—an outcome that may ultimately be appropriate here. 495 F. Supp. 2d 1052, 1065 (S.D. Cal. 2007). Just as in *Single Chip Sys. Corp.,* "later prosecution of [*Neighbors II*] will directly impinge on, and consequently impair, any rights or judgments that would be established in the [*Hornish*] suit." *Id*. As such, if this Court were to deny consolidation, the proper remedy here – as supported by Plaintiffs' own caselaw – would be to dismiss the *Neighbors II* case under the doctrine of claim splitting. *Adams v. California Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'")

Consolidation of these cases will promote judicial efficiency, allowing the court to address overlapping issues in the cases in a streamlined fashion. *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *3 (W.D. Wash. Feb. 6, 2014). Plaintiffs offer no reason why the cases could not be consolidated: because there is none.

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION
TO CONSOLIDATE – Page 4
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

### III. CONCLUSION

For the reasons set for above and in King County's Motion, the Court should consolidate *Neighbors II* with *Hornish*.

DATED this 30th day of October, 2015.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ David J. Hackett*
DAVID HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney

By: *s/ H. Kevin Wright*
H. KEVIN WRIGHT, WSBA #19121
Senior Deputy Prosecuting Attorney

By: *s/ Peter G. Ramels*
PETER G. RAMELS, WSBA #21120
Senior Deputy Prosecuting Attorney

By: *s/ Barbara Flemming*
BARBARA A. FLEMMING, WSBA #20485
Senior Deputy Prosecuting Attorney

King County Prosecuting Attorney's Office
500 Fourth Ave., 9th Floor
Seattle, WA 98104
Telephone: (206) 296-8820 / Fax: (206) 296-8819
Email: david.hackett@kingcounty.gov
         kevin.wright@kingcounty.gov
         pete.ramels@kingcounty.gov
         barbara.flemming@kingcounty.gov

By: *s/ Emily J. Harris*
EMILY J. HARRIS, WSBA #35763
DAVID I. FREEBURG, WSBA #48935
Special Deputy Prosecuting Attorneys
Corr Cronin Michelson
Baumgardner Fogg & Moore LLP

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION
TO CONSOLIDATE – Page 5
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone: (206) 625-8600 / Fax: (206) 625-0900
Email: eharris@corrcronin.com
dfreeburg@corrcronin.com

*Attorneys for Defendant King County*

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION
TO CONSOLIDATE – Page 6
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 30th day of October, 2015.

*s/ Leslie Nims*
Leslie Nims

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE – Page 7
No. 2:15-cv-013580 MJP

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819